KENNETH B. WILSON, State Bar No. 130009
   kwilson@perkinscoie.com
STEFANI E. SHANBERG, State Bar No. 206717
   sshanberg@perkinscoie.com
SARAH E. PIEPMEIER, State Bar No. 227094
   spiepmeier@perkinscoie.com
LILA I. BAILEY, State Bar No. 238918
   lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107
Telephone:   (415) 344-7000
Facsimile:   (415) 344-7050

Attorneys for Plaintiff
INTERNET ARCHIVE

FILED 06 JAN 20 PH 2:33
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 06 0397 EDL

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE SHELL, a Colorado resident,<br><br>    Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF OF COPYRIGHT NON-INFRINGEMENT** |

Plaintiff Internet Archive ("Plaintiff" or "Internet Archive") hereby alleges for its Complaint against Defendant Suzanne Shell ("Defendant" or "Shell"), on personal knowledge as to its own acts and on information and belief as to the actions of others, as follows:

**The Parties**

1. Plaintiff Internet Archive is a 501(c)(3) public non-profit organization with its principal place of business in San Francisco, California. Internet Archive's mission is to build an "Internet library," with the purpose of providing researchers, historians, scholars, and the public at large with permanent access to historical collections of information that exist in digital format.

---

COMPLAINT FOR DECLARATORY RELIEF

BY053570.103

Dockets.Justia.com

2. Defendant Suzanne Shell is an individual residing in Elbert, Colorado. Defendant Shell promotes herself as an advocate for, and consultant to, individuals accused of child abuse or neglect. Defendant Shell maintains an Internet Web site at www.profane-justice.org, through which she markets herself, her services, and publications.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

### Intra District Assignment

5. This action is properly filed in the San Francisco Division of the United States District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) and (e) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in San Francisco County.

### Factual Background

6. Open and free access to literature and other written materials has long been considered essential to the education and maintenance of an open society. Public and philanthropic enterprises have supported such access through the ages. To that end, the Internet Archive is working to prevent the Internet – a modern medium with major historical significance – and other 'born-digital' materials from disappearing into the past.

7. Internet Archive's Wayback Machine provides public access to archived Web site content, and it can be used to access over 55 billion Web pages archived as early as 1996. Collaborating with institutions such as the Library of Congress and the Smithsonian, Internet Archive is working to preserve a record of modern society's history and culture for generations to come.

8. As Stewart Brand, President of the Long Now Foundation noted: "The Internet Archive is a service so essential that its founding is bound to be looked back on with the fondness and respect that people now have for the public libraries seeded by Andrew Carnegie a

century ago. . . . Digitized information, especially on the Internet, has such rapid turnover these days that total loss is the norm. Civilization is developing severe amnesia as a result; indeed it may have become too amnesiac already to notice the problem properly. The Internet Archive is the beginning of a cure – the beginning of complete, detailed, accessible, searchable memory for society, and not just scholars this time, but everyone."

9.  In an effort to accommodate Web site authors who do not want a historical record made of their sites, Internet Archive provides information on its Web site advising Web site owners how to remove sites from the historical archives. Internet Archive has also removed documents from the Wayback Machine upon request by the Web site author or publisher.

## FIRST CAUSE OF ACTION

(Declaratory Relief)

10. Internet Archive repeats and re-alleges the allegations of paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. On December 12, 2005, Internet Archive's Copyright Agent received an email from Shell asserting that she owned a registered copyright in the Web site www.profane-justice.org and complaining about Internet Archive's inclusion of Web pages from the www.profane-justice.org Web site in its historical archive.

12. In the December 12, 2005 email, Shell threatened to sue Internet Archive for copyright infringement and to seek actual and/or statutory damages from Internet Archive, including any additional liability created by third parties who accessed the www.profane-justice.org Web site through the Wayback Machine.

13. In response to the December 12, 2005 email, Internet Archive immediately removed the Web site from the Wayback Machine. As a result, the www.profane-justice.org Web site is no longer available through the Wayback Machine.

14. Not satisfied with Internet Archive's reasonable response of removing the www.profane-justice.org Web site from the Wayback Machine, Shell has repeatedly reiterated her threat to sue if Internet Archive remains unwilling to offer her a monetary settlement.

Specifically, Shell has advised Internet Archive that she will file suit unless the Internet Archive pays her the sum of $100,000.00.

15. Prior to filing this action, Internet Archive contacted Shell in an effort to determine whether there was something short of monetary compensation that would satisfy her concerns. Shell responded that unless Internet Archive will pay her, she intends to file suit.

16. As a non-profit organization, Internet Archive is neither willing, nor able to settle this matter by providing Shell with monetary compensation.

17. Shell has a history of being litigious, as described in an article entitled "Beyond Contempt" which was published at the URL http://www.westword.com/issues/2005-02-10/news/feature.html. According to the Westword.com article, Shell is under an injunction from the State Supreme Court of Colorado for the unauthorized practice of law in connection with her advocacy on behalf of individuals accused of child abuse and neglect.

18. As further evidence of her litigious nature, Shell offers a "reward" in the form of a percentage of any payment received, or damages awarded to, anyone reporting copyright infringement of the materials posted on her www.profane-justice.org Web site.

19. As a result of Shell's statements, demands, and litigious reputation, Internet Archive has a reasonable apprehension that Shell will file suit against Internet Archive for copyright infringement and that such a suit is imminent.

20. Internet Archive has not violated Shell's copyrights. Internet Archive made fair and permissible use of the www.profane-justice.org Web site for the purpose of offering permanent access for researchers, historians, scholars, and the public to historical collections that exist in digital format.

21. There exists an actual, justiciable, and legal controversy between Internet Archive and Shell regarding whether Internet Archive has infringed Shell's copyrights and whether Internet Archive made fair and permissible use of the www.profane-justice.org Web site.

22. Internet Archive therefore desires, and is entitled to, a judicial determination and declaration pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that Internet

1  Archive is not liable for infringing Shell's copyrights and that it made fair and permissible use of
2  the www.profane-justice.org Web site.

### Prayer for Relief

WHEREFORE, Internet Archive requests that the Court enter judgment in its favor and against Shell on its Complaint as follows:

    A.    Declaring that Internet Archive is not liable for infringing Shell's copyrights;

    B.    Declaring that Internet Archive made fair and permissible use of the www.profane-justice.org Web site;

    C.    Awarding Internet Archive its costs incurred in this action, together with reasonable attorney's fees pursuant to statute;

    D.    Granting such other and further relief as this Court may deem just and proper.

Dated: January 20, 2006

**PERKINS COIE LLP**

By: _/s/ Kenneth B. Wilson_
      Kenneth B. Wilson

Attorneys for Plaintiff INTERNET ARCHIVE

---

COMPLAINT FOR DECLARATORY RELIEF      5      BY053570.103

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding other than the named parties.

Dated: January 20, 2006.

**PERKINS COIE LLP**

By _/s/ Kenneth B. Wilson_
      Kenneth B. Wilson

Attorneys for Plaintiff INTERNET ARCHIVE