FILED

06 APR 10 PH 1: 16

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Suzanne Shell - pro se
2  dsshell@ix.netcom.com
   14053 Eastonville Rd.
3  Elbert, CO 80106
   Telephone: (719)749-2971
4  Fax: (719)749-2972
5
3  Defendant

7            UNITED STATES DISTRICT COURT
8
9           NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  INTERNET ARCHIVE            )   CASE NO. C 06 0397 JSW
         Plaintiff             )
12                             )
                               )   **MOTION TO TRANSFER**
13                             )   **TO U.S.  DISTRICT**
                               )   **COURT DISTRICT OF**
14  v.                         )   **COLORADO PURSUANT TO**
                               )   **28 U.S.C. 1406(a)**
15                             )   or alternatively **MOTION**
16  SUZANNE SHELL              )   **TO DISMISS PURSUANT TO**
         Defendant             )   **Fed.R.Civ.P. 12(b)(3)**
17                             )

18  AND RELATED COUNTERCLAIMS
19
20  Comes now Suzanne Shell, requesting this court to transfer this action to the U.S. District
21  Court for the district of Colorado, or in the alternative to dismiss plaintiff's complaint for
22  Declaratory Judgment of Copyright Non-Infringement because it was filed in the improper
23  venue. Ms. Shell attempted to confer with opposing counsel about this motion and
24  received no response.

25                          **Venue**
26  1.      Defendant Shell raised the issue of improper venue in her Answer pleading,
78          thereby timely preserving this issue.
28  2.      28 U.S.C. 1406(a) provides that if a civil action is commenced in the wrong district

Dockets.Justia.com

1    or division, the court may, in the interest of justice, transfer the case to any district

2    or division in which the case could have been brought.

3    3.    Venue is proper in a district where a defendant resides. 28 U.S.C. § 1391.

4    4.    28 U.S.C. § 1400(a) provides that "[c]ivil actions, suits, or proceedings arising

5         under any Act of Congress relating to copyrights or exclusive rights in mask works

3         or designs may be instituted in the district in which the defendant or his agent

7         resides or may be found." Columbia Pictures Television v. Krypton Broadcasting

8         of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir. 1997), overruled on other

9         grounds by Feltner v. Columbia Pictures Television, 523 U.S. 340 (1998);

10        Advideo, Inc. v. Kimel Broadcast Group Inc., 727 F. Supp. 1337, 1341 (N.D. Cal.

11        1989) ("For purposes of this statute, a defendant is 'found' wherever personal

12        jurisdiction over him is proper").

13   5.    Defendant Shell resides in Colorado and conducts her business in Colorado.

14                            **General Jurisdiction**

15   6.    For general jurisdiction to exist over a nonresident defendant . . ., the defendant

16        must engage in "continuous and systematic general business contacts" that

17        "approximate physical presence" in the forum state. This is an exacting standard,

18        as it should be, because a finding of general jurisdiction permits a defendant to be

19        haled into court in the forum state to answer for any of its activities anywhere in

20        the world. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir.

21        2004).

22   7.    Defendant Shell is not subject to personal jurisdiction in this district. Internet

23        Archive offers no evidence demonstrating that Ms. Shell engages in "continuous

24        and systematic general business contacts" in this District. Ms. Shell asserts she did

25        not avail herself to California, has not conducted business with Internet Archive in

26        California, and has no business presence nor residency in California at any time

78        related to this action. Defendant has not purposefully directed activities or

28        consummated some transaction with the forum or resident thereof; or performed

1  some act which she purposefully avails herself of the privilege of conducting

2  activities in the forum, thereby invoking the benefits and protection of its laws and

3  the Internet Archive's claim is not one which arises out of or relates to Ms. Shell's

4  forum-related activities.

5  **Specific Jurisdiction**

3  **Purposeful Availment**

7  8.  In the instant case, it is undisputed that a claim for copyright infringement sounds

8  in tort, and therefore a purposeful direction analysis is appropriate.

9  9.  In analyzing purposeful direction, a court applies the "effects" test first established

10  by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1983). That test is as

11  follows: The infringer must have (1) committed an intentional act, which was (2)

12  expressly aimed at the forum state (here, the District of Colorado), and (3) caused

13  harm, the brunt of which is suffered and which the infringer knows is likely to be

14  suffered in the forum state. In Columbia Pictures, the Ninth Circuit essentially

15  deemed the effects/purposeful direction test satisfied when the infringer is being

16  sued for copyright infringement, the copyright owner brings suit in the forum

17  where the copyright owner resides, and the infringer knows that the plaintiff

18  resides there.

19  10.  The property which is the subject of this action is located in Colorado.

20  11.  The infringing acts, the copying, and taking and the torts, occurred in Colorado.

21  The subject property was then conveyed electronically to California.

22  12.  By virtue of entering into Shell's computer, computer system or computer network

23  in Colorado to obtain the subject property, Internet Archive evidences sufficient

24  minimum contacts with the state of Colorado to facilitate a transfer that does not

25  offend traditional notions of fair play and substantial justice.

26  13.  Internet Archive directed its activities at Shell in Colorado even though Internet

78  Archive did not enter Colorado or conduct business with Shell when Internet

28  Archive copied material from Shell's web site. Thomas Jackson Publishing, Inc. v.

1    <u>Buckner, 624 F. Supp. 1044, 1046 (D. Neb. 1985)</u> ("Assuming the alleged acts of

2    copyright infringement to be true, the Court finds that defendant's conduct and

3    connection with [the forum state] were such that they should reasonable have

4    anticipated being sued in this forum.")

5    14.    Internet Archive purposely availed itself of the privilege of acting in Colorado or of

3    causing important consequences here; the cause of action arises from the

7    consequences to Shell in Colorado of Internet Archive's activities; the activities of

8    Internet Archive or the consequences of those activities have a substantial enough

9    connection with Colorado to make the exercise of Colorado's jurisdiction over

10   Internet Archive reasonable. Internet Archive transacted business in Colorado by

11   obtaining the subject property from Colorado, therefore, jurisdiction and venue is

12   proper in Colorado.

13                                        **Arising Out of**

14   15.    But for Internet Archive's copyright infringement, which reached into Colorado

15   and which affected Shell in the District of Colorado, Internet Archive's complaint

16   for declaratory relief and Shell's claims would not have arisen.

17                               **Fair Play and Substantial Justice**

18   16.    The exercise of jurisdiction and venue in the U.S. District Court Northern District

19   of California San Francisco Division does not comport with fair play and

20   substantial justice.

21   17.    In <u>Core-Vent Corp. v. Nobel Industries, 11 F.3d 1482, 1487-88 (9th Cir. 1993)</u>, the

22   Ninth Circuit states there is a presumption that jurisdiction is reasonable so long as

23   the first two prongs of the specific jurisdiction test have been met. The first two

24   prongs have not been met in this case, therefore, the presumption is that

25   jurisdiction remaining in the Northern District of California is unreasonable.

26   18.    The distance between Colorado Springs and San Francisco is great. As a pro se

78   litigant, Ms. Shell would be required to personally participate in all proceedings.

28   The burden of litigating this claim long distance would severely impair Ms. Shell's

1    ability to avail herself of the protection of the courts. It would be extremely
2    burdensome for her to travel to San Francisco for hearings and trial. This burden
3    could cost her the ability to vindicate her intellectual property rights in court.
4    Parties and the court have a duty to minimize the costs of litigation. Maintaining
5    jurisdiction and venue in this forum would be inconsistent with that duty.

3    19.    The distance for Ms. Shell to get to Denver is much closer, only two hours by car.
7           Appearing in court in Denver would not require much travel time or expense, or a
8           hotel stay.

9    20.    Ms. Shell is not familiar with the rules and practices of this forum, which are very
10          different from the rules and practices of the U.S. District Court District of
11          Colorado.

12   21.    Furthermore, long distance access to the court for administering this case is
13          burdensome, and compromises Ms. Shell's effectiveness as it must be done by
14          mail and phone.

15   22.    Internet Archive's law firm, Perkins Coie LLP have offices in Denver, Colorado,
16          who are familiar with the rules and practices of Colorado District.

17   23.    Internet Archive principles would be represented by counsel and not have to be
18          present for the preliminary stages of this case. They would probably only be
19          required to be present for mediation and trial at the most. The burden to Internet
20          Archive is much less if the case is transferred to Colorado than the burden to Ms.
21          Shell if this case remains in San Francisco.

22   24.    Transferring this case would minimize the cost of litigation by insuring that neither
23          party would have to incur additional filing fees to refile their claims in the District
24          of Colorado.

25                                          **Relief**

26          Defendant Shell does not request oral arguments on this motion, and requests this
78   court to decide based on the written motion and response. Defendant respectfully requests
28   this court to expedite a ruling on this motion and respectfully requests this court:

1     a.    To immediately transfer this case to the U.S. District Court District of

2             Colorado; or

3     b.    In the alternative to dismiss Internet Archive's complaint for Declaratory

4             Judgment of Copyright Non-Infringement as being filed in the improper

5             venue and/or for lack of jurisdiction and transfer Defendant Shell's

3             counterclaims and third party cross claims to the U.S. District Court

7             District of Colorado.

8     c.    To dismiss all pending motions submitted by Internet Archive and vacate

9             all scheduled hearings into those motions.

10    d.    Allow Ms. Shell, as a pro se litigant, to correct any errors or deficiencies in

11           her pleadings so as to do substantial justice.

12    e.    Any other relief this court deems fair and just.

13

14    Respectfully submitted April 7, 2006

15

16          _[signature]_

17    Suzanne Shell, Defendant

18                     CERTIFICATE OF SERVICE

19

20    I hereby certify that true and correct copies of the attached document **MOTION TO TRANSFER TO U.S. DISTRICT COURT DISTRICT OF COLORADO**

21    **PURSUANT TO 28 U.S.C. 1406(a)** or alternatively **TO DISMISS PURSUANT**

22    **TOFed.R.Civ.P. 12(b)(3)** were placed in the United States Mail, first class mail, postage prepaid on April 7, 2006

23

24    Perkins Coie, LLP

25    180 Townsend St. Third Floor
San Francisco, CA 94107

26

78    _[signature]_ April 7, 2006
Suzanne Shell

28