FILED
06 APR 10 PM 1:16
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Suzanne Shell - pro se
dsshell@ix.netcom.com
14053 Eastonville Rd.
Elbert, CO 80106
Telephone: (719)749-2971
Fax: (719)749-2972

Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE<br>Plaintiff<br><br>v.<br><br>SUZANNE SHELL<br>Defendant | CASE NO. C 06 0397 JSW<br><br>**MOTION TO TRANSFER TO U.S. DISTRICT COURT DISTRICT OF COLORADO PURSUANT TO 28 U.S.C. 1406(a)**<br>or alternatively **MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(3)** |

AND RELATED COUNTERCLAIMS

Comes now Suzanne Shell, requesting this court to transfer this action to the U.S. District Court for the district of Colorado, or in the alternative to dismiss plaintiff's complaint for Declaratory Judgment of Copyright Non-Infringement because it was filed in the improper venue. Ms. Shell attempted to confer with opposing counsel about this motion and received no response.

**Venue**

1. Defendant Shell raised the issue of improper venue in her Answer pleading, thereby timely preserving this issue.

2. 28 U.S.C. 1406(a) provides that if a civil action is commenced in the wrong district

| | | |
|---|---|---|
| 1 | | or division, the court may, in the interest of justice, transfer the case to any district |
| 2 | | or division in which the case could have been brought. |
| 3 | 3. | Venue is proper in a district where a defendant resides. 28 U.S.C. § 1391. |
| 4 | 4. | 28 U.S.C. § 1400(a) provides that "[c]ivil actions, suits, or proceedings arising |
| 5 | | under any Act of Congress relating to copyrights or exclusive rights in mask works |
| 3 | | or designs may be instituted in the district in which the defendant or his agent |
| 7 | | resides or may be found." Columbia Pictures Television v. Krypton Broadcasting |
| 8 | | of Birmingham, Inc., 106 F.3d 284, 288 (9th Cir. 1997), overruled on other |
| 9 | | grounds by Feltner v. Columbia Pictures Television, 523 U.S. 340 (1998); |
| 10 | | Advideo, Inc. v. Kimel Broadcast Group Inc., 727 F. Supp. 1337, 1341 (N.D. Cal. |
| 11 | | 1989) ("For purposes of this statute, a defendant is 'found' wherever personal |
| 12 | | jurisdiction over him is proper"). |
| 13 | 5. | Defendant Shell resides in Colorado and conducts her business in Colorado. |
| 14 | | **General Jurisdiction** |
| 15 | 6. | For general jurisdiction to exist over a nonresident defendant . . ., the defendant |
| 16 | | must engage in "continuous and systematic general business contacts" that |
| 17 | | "approximate physical presence" in the forum state. This is an exacting standard, |
| 18 | | as it should be, because a finding of general jurisdiction permits a defendant to be |
| 19 | | haled into court in the forum state to answer for any of its activities anywhere in |
| 20 | | the world. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. |
| 21 | | 2004). |
| 22 | 7. | Defendant Shell is not subject to personal jurisdiction in this district. Internet |
| 23 | | Archive offers no evidence demonstrating that Ms. Shell engages in "continuous |
| 24 | | and systematic general business contacts" in this District. Ms. Shell asserts she did |
| 25 | | not avail herself to California, has not conducted business with Internet Archive in |
| 26 | | California, and has no business presence nor residency in California at any time |
| 78 | | related to this action. Defendant has not purposefully directed activities or |
| 28 | | consummated some transaction with the forum or resident thereof; or performed |

some act which she purposefully avails herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws and the Internet Archive's claim is not one which arises out of or relates to Ms. Shell's forum-related activities.

### Specific Jurisdiction
### Purposeful Availment

8. In the instant case, it is undisputed that a claim for copyright infringement sounds in tort, and therefore a purposeful direction analysis is appropriate.

9. In analyzing purposeful direction, a court applies the "effects" test first established by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1983). That test is as follows: The infringer must have (1) committed an intentional act, which was (2) expressly aimed at the forum state (here, the District of Colorado), and (3) caused harm, the brunt of which is suffered and which the infringer knows is likely to be suffered in the forum state. In Columbia Pictures, the Ninth Circuit essentially deemed the effects/purposeful direction test satisfied when the infringer is being sued for copyright infringement, the copyright owner brings suit in the forum where the copyright owner resides, and the infringer knows that the plaintiff resides there.

10. The property which is the subject of this action is located in Colorado.

11. The infringing acts, the copying, and taking and the torts, occurred in Colorado. The subject property was then conveyed electronically to California.

12. By virtue of entering into Shell's computer, computer system or computer network in Colorado to obtain the subject property, Internet Archive evidences sufficient minimum contacts with the state of Colorado to facilitate a transfer that does not offend traditional notions of fair play and substantial justice.

13. Internet Archive directed its activities at Shell in Colorado even though Internet Archive did not enter Colorado or conduct business with Shell when Internet Archive copied material from Shell's web site. Thomas Jackson Publishing, Inc. v.

1      Buckner, 624 F. Supp. 1044, 1046 (D. Neb. 1985) ("Assuming the alleged acts of
2      copyright infringement to be true, the Court finds that defendant's conduct and
3      connection with [the forum state] were such that they should reasonable have
4      anticipated being sued in this forum.")

5  14.  Internet Archive purposely availed itself of the privilege of acting in Colorado or of causing important consequences here; the cause of action arises from the consequences to Shell in Colorado of Internet Archive's activities; the activities of Internet Archive or the consequences of those activities have a substantial enough connection with Colorado to make the exercise of Colorado's jurisdiction over Internet Archive reasonable. Internet Archive transacted business in Colorado by obtaining the subject property from Colorado, therefore, jurisdiction and venue is proper in Colorado.

### Arising Out of

15.  But for Internet Archive's copyright infringement, which reached into Colorado and which affected Shell in the District of Colorado, Internet Archive's complaint for declaratory relief and Shell's claims would not have arisen.

### Fair Play and Substantial Justice

16.  The exercise of jurisdiction and venue in the U.S. District Court Northern District of California San Francisco Division does not comport with fair play and substantial justice.

17.  In Core-Vent Corp. v. Nobel Industries, 11 F.3d 1482, 1487-88 (9th Cir. 1993), the Ninth Circuit states there is a presumption that jurisdiction is reasonable so long as the first two prongs of the specific jurisdiction test have been met. The first two prongs have not been met in this case, therefore, the presumption is that jurisdiction remaining in the Northern District of California is unreasonable.

18.  The distance between Colorado Springs and San Francisco is great. As a pro se litigant, Ms. Shell would be required to personally participate in all proceedings. The burden of litigating this claim long distance would severely impair Ms. Shell's

Motion to Transfer to District of Colorado or in the alternative to Dismiss
Case no. C 06 0397 JSW                page 4

1 ability to avail herself of the protection of the courts. It would be extremely
2 burdensome for her to travel to San Francisco for hearings and trial. This burden
3 could cost her the ability to vindicate her intellectual property rights in court.
4 Parties and the court have a duty to minimize the costs of litigation. Maintaining
5 jurisdiction and venue in this forum would be inconsistent with that duty.

19. The distance for Ms. Shell to get to Denver is much closer, only two hours by car. Appearing in court in Denver would not require much travel time or expense, or a hotel stay.

20. Ms. Shell is not familiar with the rules and practices of this forum, which are very different from the rules and practices of the U.S. District Court District of Colorado.

21. Furthermore, long distance access to the court for administering this case is burdensome, and compromises Ms. Shell's effectiveness as it must be done by mail and phone.

22. Internet Archive's law firm, Perkins Coie LLP have offices in Denver, Colorado, who are familiar with the rules and practices of Colorado District.

23. Internet Archive principles would be represented by counsel and not have to be present for the preliminary stages of this case. They would probably only be required to be present for mediation and trial at the most. The burden to Internet Archive is much less if the case is transferred to Colorado than the burden to Ms. Shell if this case remains in San Francisco.

24. Transferring this case would minimize the cost of litigation by insuring that neither party would have to incur additional filing fees to refile their claims in the District of Colorado.

**Relief**

Defendant Shell does not request oral arguments on this motion, and requests this court to decide based on the written motion and response. Defendant respectfully requests this court to expedite a ruling on this motion and respectfully requests this court:

Motion to Transfer to District of Colorado or in the alternative to Dismiss
Case no. C 06 0397 JSW                                                    page 5

| | | |
|---|---|---|
| 1 | a. | To immediately transfer this case to the U.S. District Court District of |
| 2 | | Colorado; or |
| 3 | b. | In the alternative to dismiss Internet Archive's complaint for Declaratory |
| 4 | | Judgment of Copyright Non-Infringement as being filed in the improper |
| 5 | | venue and/or for lack of jurisdiction and transfer Defendant Shell's |
| 3 | | counterclaims and third party cross claims to the U.S. District Court |
| 7 | | District of Colorado. |
| 8 | c. | To dismiss all pending motions submitted by Internet Archive and vacate |
| 9 | | all scheduled hearings into those motions. |
| 10 | d. | Allow Ms. Shell, as a pro se litigant, to correct any errors or deficiencies in |
| 11 | | her pleadings so as to do substantial justice. |
| 12 | e. | Any other relief this court deems fair and just. |

Respectfully submitted April 7, 2006

*/s/ Suzanne Shell*

Suzanne Shell, Defendant

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached document **MOTION TO TRANSFER TO U.S. DISTRICT COURT DISTRICT OF COLORADO PURSUANT TO 28 U.S.C. 1406(a)** or alternatively **TO DISMISS PURSUANT TO** Fed.R.Civ.P. 12(b)(3) were placed in the United States Mail, first class mail, postage prepaid on April 7, 2006

Perkins Coie, LLP
180 Townsend St. Third Floor
San Francisco, CA 94107

*/s/ Suzanne Shell*  April 7, 2006
Suzanne Shell

---

Motion to Transfer to District of Colorado or in the alternative to Dismiss
Case no. C 06 0397 JSW                                       page 6