FILED
06 APR 21 PM 12: 50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Suzanne Shell - pro se
dsshell@ix.netcom.com
14053 Eastonville Rd.
Elbert, CO 80106
Telephone: (719)749-2971
Fax: (719)749-2972

Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE<br>Plaintiff and Counterclaim Defendant<br>v.<br>SUZANNE SHELL<br>Defendant and<br>Counterclaim Plaintiff and<br>Third Party Plaintiff<br>AND RELATED COUNTERCLAIMS<br>AND THIRD PARTY CROSS CLAIMS | CASE NO. C 06 0397 JSW<br><br>**MOTION TO STRIKE** |

Defendant and counterclaim plaintiff and third party plaintiff Suzanne Shell submits this motion to strike Internet Archive's **MOTION TO DISMISS COUNTERCLAIMS** as being immaterial, irrelevant, insufficient due to the question of jurisdiction and venue. Ms. Shell certifies she conferred with Internet Archive's counsel who stated that she "can assume they will oppose" this motion. In support of this motions, Ms. Shell states as follows:

Motion to Strike             page 1

1. Suzanne Shell filed a motion with this court contesting jurisdiction and/or venue to transfer this case to the District of Colorado on April 10, 2006.
2. The clerk scheduled a hearing on this issue for May 19, 2006.
3. Ms. Shell received notice of this hearing on April 15, 2006.
4. Internet Archive has a motion to dismiss pending before this court which was first scheduled for a hearing on May 6 and was rescheduled for May 19.
5. Internet Archive stated it's belief to Ms. Shell that jurisdiction and venue will remain with this Court.
6. Ms. Shell believes jurisdiction and venue is proper in the District of Colorado.
7. At this point in time, jurisdiction and venue remains in dispute.
8. The requirement that jurisdiction be established as a threshold matter prior to deciding the merits of issues before the courts is 'inflexible and without exception,' Steel Co. v. Citizens for Better Environment, 523 U. S. 83 (1998) (quoting Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382 (1884).
9. Personal jurisdiction is "an essential element of the jurisdiction of a district ... court," without which the court is "powerless to proceed to an adjudication." Employers Reinsurance Corp. v. Bryant, 299 U. S. 374, 382 (1937).
10. The requirement that a court have personal jurisdiction flows from the Due Process Clause. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 702 (1982).
11. Until jurisdiction and venue is properly established, Ms. Shell will not be able to properly or adequately prepare a response or for any hearing on Internet Archive's motion to dismiss or other matters pending. This Court and the District Court for the District of Colorado procedures and local rules are very different. The authorities to be cited in her pleadings are different for each jurisdiction and venue. She cannot possibly know which jurisdiction's or venue's statutes, rules and case law to apply in her pleadings and arguments. She doesn't even know what issues to

Motion to Strike          page 2

address since she requests dismissal of Internet Archive's complaint for lack of jurisdiction.

12. Internet Archive must also be facing the same confusion.

13. Until jurisdiction and venue are properly established to give the parties clear jurisdictional authority upon which to rely, the pleadings could be citing California oranges and Colorado apples resulting in confusing pleadings and a denial of justice based on that confusion.

14. In all honesty, your Honor, it is patently unfair to expect either party to prepare to argue their cases for both jurisdictions and venues.

WHEREFORE, Ms. Shell respectfully requests this court to **Strike** Internet Archive's MOTION TO DISMISS, and all other pending matters, until jurisdiction and venue are decided, and to vacate all hearings on any issue except jurisdiction an/or venue. After which time, the presiding court will give leave that Internet Archive's motion and other matters may be resubmitted to the proper Court in a manner and with content that is consistent with the jurisdiction and venue which this Court determines to be proper.

Respectfully submitted, April 16, 2006

*[signature]*

Suzanne Shell

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the attached document **MOTION TO STRIKE** was placed in the United States Mail, first class mail, postage prepaid on *April 17, 2006.*

Perkins Coie, LLP
180 Townsend St. Third Floor
San Francisco, CA 94107

*[signature]* _____ April 17, 2006

Suzanne Shell

Motion to Strike            page 3

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>3 | Suzanne Shell - pro se<br>dsshell@ix.netcom.com<br>14053 Eastonville Rd.<br>Elbert, CO 80106<br>Telephone: (719)749-2971<br>Fax: (719)749-2972<br><br>Defendant |

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9  SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  INTERNET ARCHIVE | CASE NO. C 06 0397 JSW |
| 12         Plaintiff | |
| 13  v. | [PROPOSED] |
| 14  SUZANNE SHELL | ORDER GRANTING MOTION TO |
| 15         Defendant | STRIKE |
| 17  AND RELATED COUNTERCLAIMS<br>18  AND THIRD PARTY CROSS CLAIMS | |

21     Upon consideration of Defendant's motion and considering all materials presented
22  by the parties, and good cause appearing:

24     Defendant Shell's **MOTION TO STRIKE** is GRANTED.
25     IT IS HEREBY ORDERED, Plaintiff Internet Archive's MOTION TO DISMISS
26  and all pending issues are STRICKEN with leave to resubmit after this Court rules on
78  jurisdiction and venue. The hearing on the MOTION TO DISMISS COUNTERCLAIMS
28  set for May 19, 2006 is vacated.

```
 1
 2
 3   Dated: _____        _____
 4                                        The Honorable Jeffrey S. White
                                          United Stated District Judge
 5   Submitted by:
     Suzanne Shell - Defendant, pro se  [signature]
 3
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
78
28
```