KENNETH B. WILSON, State Bar No. 130009
kwilson@perkinscoie.com
STEFANI E. SHANBERG, State Bar No. 206717
sshanberg@perkinscoie.com
MICHAEL H. RUBIN, State Bar No. 214636
mrubin@perkinscoie.com
LILA I. BAILEY, State Bar No. 238918
lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107-1909
Telephone:   (415) 344-7000
Facsimile:   (415) 344-7050

Attorneys for Plaintiff and Counterclaim-Defendant
INTERNET ARCHIVE

FILED
06 APR 27 PM 3:44
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORIGINAL

| | |
|---|---|
| INTERNET ARCHIVE,<br>a California 501(c)(3) non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE SHELL,<br>a Colorado resident,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: C 06 0397 JSW<br><br>INTERNET ARCHIVE'S OPPOSITION TO SHELL'S MOTION TO AMEND<br><br>Date:    May 19, 2006<br>Time:   9:00 a.m.<br>Before: Hon. Jeffrey S. White<br>Location: Courtroom 2, 17th Floor |

Plaintiff and Counterclaim-Defendant Internet Archive ("Internet Archive") hereby files its Opposition to Defendant and Counterclaimant Suzanne Shell's ("Shell") Motion to Amend and file Second Amended Answer and Objection to Venue and Counterclaim and Third Party Claim ("Second Amended Counterclaim") which seeks to add three new individual defendants on the grounds that such amendment is futile.[1]

---

[1] Shell erroneously states that this "amendment correcting the pleading format of the Third Party Claim is submitted as a matter of right as Ms. Shell has not received a responsive pleading on the Third Party Claim." This statement is wholly incorrect, as Shell seeks not to "correc[t] pleading format," but rather to add parties to the case. Specifically, Shell requests the

Grant or denial of leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *See Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Internet Archive recognizes that Fed. R. Civ. Proc. 15(a) requires that "leave shall be freely given when justice so requires."[2] However, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is "futile" if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *See Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

Here, Shell's new claims for racketeering against Brewster Kahle, Rick Prelinger, and Kathleen Burch, individuals on Internet Archive's Board of Directors ("Individual Defendants"), fail for at least all of the reasons set forth in Internet Archive's Motion to Dismiss the racketeering claims against Internet Archive. [*See* Motion to Dismiss Counterclaims filed March 31, 2006 ("Motion to Dismiss"), pp. 12-15]. If the Court grants Internet Archive's Motion to Dismiss Shell's RICO claims against Internet Archive, her claims against the Individual Defendants will necessarily fail, as they are defective on the same and additional grounds. In sum, Shell has not alleged and cannot allege the existence of an enterprise engaged in racketeering activity, and Shell has failed to plead any element with the required particularity.

As detailed in Internet Archive's Motion to Dismiss, the Ninth Circuit has held that to state a claim for RICO violations, a plaintiff must plead and prove that the enterprise has "an ascertainable structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity." *See Chang v. Chen*, 80 F.3d 1293, 1295 (9th Cir. 1996). That includes a showing that the RICO enterprise "[a]t a minimum ... must exhibit 'some sort of structure ... for the making of decisions, whether it be hierarchical or consensual.' The structure should

---

Court grant leave to amend for the purpose of adding "Brewster Kahle, Rick Prelinger, and Kathleen Burch as Third Party Defendants" to her racketeering claim.

[2] While Internet Archive could file a Motion to Dismiss Shell's Second Amended Counterclaims, Internet Archive believes it is more efficient to disallow Shell's claims in the first place, especially in light of the pending Motion to Dismiss on essentially the very same issues, and Shell's clear inability to maintain racketeering causes of action against the individual members of Internet Archive's Board of Directors.

1  provide 'some mechanism for controlling and directing the affairs of the group on an on-going,
2  rather than an ad hoc, basis.'" *Id.* at 1299 (citation omitted).  While Shell generally alleged in
3  her First and Second Amended Counterclaim that an enterprise "including but not necessarily
4  limited to" Internet Archive and its directors, agents, and employees, Alexa Internet, the Library
5  of Congress, and the Smithsonian Institute, she does not (because she cannot) offer any of the
6  specific allegations required by the Ninth Circuit in *Chang* and its progeny, and she offers no
7  specificity with regard to the Individual Defendants.

8        As detailed in Internet Archive's Motion to Dismiss, Fed. R. Civ. Proc. 9(b) requires a
9  pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus
10 the role of each defendant in each scheme.  The Rule also applies to allegations of conspiracy to
11 commit RICO violations.  *See United Centrifugal Pumps v. Schotz*, No. C-89-2291 FMS, 1991
12 U.S. Dist. LEXIS 21100 at *4 (N.D. Cal. June 12, 1991); *Lewis v. Sporck*, 612 F. Supp. 1316,
13 1325 (N.D. Cal. 1985).  Further, as detailed in Internet Archive's Motion to Dismiss, Shell is
14 required under Rule 9(b) to plead with particularly the *nature* of the fraud.  Specifically, "Rule
15 9(b) requires identification of the 'source of the fraud' and specification of the 'role of *each*
16 defendant in the fraud.'"  *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467,
17 (C.D. Cal. 1991) (citation omitted).  Here, Shell's amorphous allegations provide no information
18 whatsoever regarding the time, place, or manner of the alleged fraud, let alone the role of the
19 named defendants in the purportedly fraudulent and/or unlawful scheme, a failure sufficient in
20 and of itself to warrant dismissal of Shell's RICO claim.  Despite filing a Second Amended
21 Counterclaim, Shell still does not attribute specific conduct to any individual defendants, as is
22 required when pleading fraud.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541
23 (9th Cir. 1989) (failure to "attribute specific conduct to individual defendants" fatal to RICO
24 claim); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397,
25 405 (9th Cir. 1991) ("[Rule 9(b)] requires a pleader of fraud to detail...the role of *each* defendant
26 in *each* scheme.") (emphasis added).

27
28

Shell's allegations against Internet Archive and its Board Members fall far short of meeting this burden, and cannot be cured. Thus, Shell's Motion to Amend is futile and should be denied.

Respectfully submitted,

PERKINS COIE LLP

Date: April 27, 2006

By: /s/ Kenneth B. Wilson
Kenneth B. Wilson

Attorneys for Plaintiff and Counterclaim-Defendant
INTERNET ARCHIVE