1    KENNETH B. WILSON, State Bar No. 130009

     kwilson@perkinscoie.com

2    STEFANI E. SHANBERG, State Bar No. 206717

     sshanberg@perkinscoie.com

3    MICHAEL H. RUBIN, State Bar No. 214636

     mrubin@perkinscoie.com

4    LILA I. BAILEY, State Bar No. 238918

     lbailey@perkinscoie.com

5    PERKINS COIE LLP

     180 Townsend Street, Third Floor

6    San Francisco, California  94107-1909

     Telephone:    (415) 344-7000

7    Facsimile:     (415) 344-7050

8    Attorneys for Plaintiff and Counterclaim-Defendant

     INTERNET ARCHIVE

9

10               **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12               **SAN FRANCISCO DIVISION**

FILED

06 APR 27 PM 3: 44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

13    INTERNET ARCHIVE,

     a California 501(c)(3) non-profit organization,

14

                Plaintiff,

15

16             v.

17    SUZANNE SHELL,

     a Colorado resident,

18                Defendant.

19    AND RELATED COUNTERCLAIMS

CASE NO.: C 06 0397 JSW

**INTERNET ARCHIVE'S OPPOSITION TO SHELL'S MOTION TO AMEND**

Date:      May 19, 2006

Time:      9:00 a.m.

Before:    Hon. Jeffrey S. White

Location:   Courtroom 2, 17th Floor

20

21         Plaintiff and Counterclaim-Defendant Internet Archive ("Internet Archive") hereby files its

22 Opposition to Defendant and Counterclaimant Suzanne Shell's ("Shell") Motion to Amend and file

23 Second Amended Answer and Objection to Venue and Counterclaim and Third Party Claim

24 ("Second Amended Counterclaim") which seeks to add three new individual defendants on the

25 grounds that such amendment is futile.[1]

26

27        [1] Shell erroneously states that this "amendment correcting the pleading format of the

28 Third Party Claim is submitted as a matter of right as Ms. Shell has not received a responsive pleading on the Third Party Claim." This statement is wholly incorrect, as Shell seeks not to "correc[t] pleading format," but rather to add parties to the case. Specifically, Shell requests the

1       Grant or denial of leave to amend rests in the sound discretion of the trial court, and will be

2   reversed only for abuse of discretion. *See Swanson v. United States Forest Service*, 87 F.3d 339,

3   343 (9th Cir. 1996). Internet Archive recognizes that Fed. R. Civ. Proc. 15(a) requires that "leave

4   shall be freely given when justice so requires."[2] However, leave to amend may be denied if the

5   proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d

6   829, 843 (9th Cir. 1991). A proposed amendment is "futile" if no set of facts can be proved under

7   the amendment which would constitute a valid claim or defense. *See Sweaney v. Ada County,*

8   *Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

9       Here, Shell's new claims for racketeering against Brewster Kahle, Rick Prelinger, and

10  Kathleen Burch, individuals on Internet Archive's Board of Directors ("Individual Defendants"),

11  fail for at least all of the reasons set forth in Internet Archive's Motion to Dismiss the

12  racketeering claims against Internet Archive. [*See* Motion to Dismiss Counterclaims filed March

13  31, 2006 ("Motion to Dismiss"), pp. 12-15]. If the Court grants Internet Archive's Motion to

14  Dismiss Shell's RICO claims against Internet Archive, her claims against the Individual

15  Defendants will necessarily fail, as they are defective on the same and additional grounds. In

16  sum, Shell has not alleged and cannot allege the existence of an enterprise engaged in

17  racketeering activity, and Shell has failed to plead any element with the required particularity.

18      As detailed in Internet Archive's Motion to Dismiss, the Ninth Circuit has held that to

19  state a claim for RICO violations, a plaintiff must plead and prove that the enterprise has "an

20  ascertainable structure separate and apart from the structure inherent in the conduct of the pattern

21  of racketeering activity." *See Chang v. Chen,* 80 F.3d 1293, 1295 (9th Cir. 1996). That includes

22  a showing that the RICO enterprise "[a]t a minimum ... must exhibit 'some sort of structure ...

23  for the making of decisions, whether it be hierarchical or consensual.' The structure should

24

25  Court grant leave to amend for the purpose of adding "Brewster Kahle, Rick Prelinger, and Kathleen Burch as Third Party Defendants" to her racketeering claim.

26      [2] While Internet Archive could file a Motion to Dismiss Shell's Second Amended

27  Counterclaims, Internet Archive believes it is more efficient to disallow Shell's claims in the first place, especially in light of the pending Motion to Dismiss on essentially the very same issues,

28  and Shell's clear inability to maintain racketeering causes of action against the individual members of Internet Archive's Board of Directors.

OPPOSITION TO MOTION TO AMEND                        CASE NO. C 06 0397 (JSW)

1   provide 'some mechanism for controlling and directing the affairs of the group on an on-going,

2   rather than an ad hoc, basis.'" *Id.* at 1299 (citation omitted). While Shell generally alleged in

3   her First and Second Amended Counterclaim that an enterprise "including but not necessarily

4   limited to" Internet Archive and its directors, agents, and employees, Alexa Internet, the Library

5   of Congress, and the Smithsonian Institute, she does not (because she cannot) offer any of the

6   specific allegations required by the Ninth Circuit in *Chang* and its progeny, and she offers no

7   specificity with regard to the Individual Defendants.

8         As detailed in Internet Archive's Motion to Dismiss, Fed. R. Civ. Proc. 9(b) requires a

9   pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus

10   the role of each defendant in each scheme. The Rule also applies to allegations of conspiracy to

11   commit RICO violations. *See United Centrifugal Pumps v. Schotz*, No. C-89-2291 FMS, 1991

12   U.S. Dist. LEXIS 21100 at *4 (N.D. Cal. June 12, 1991); *Lewis v. Sporck*, 612 F. Supp. 1316,

13   1325 (N.D. Cal. 1985). Further, as detailed in Internet Archive's Motion to Dismiss, Shell is

14   required under Rule 9(b) to plead with particularly the *nature* of the fraud. Specifically, "Rule

15   9(b) requires identification of the 'source of the fraud' and specification of the 'role of *each*

16   defendant in the fraud.'" *Comwest, Inc. v. American Operator Services, Inc.*, 765 F. Supp. 1467,

17   (C.D. Cal. 1991) (citation omitted). Here, Shell's amorphous allegations provide no information

18   whatsoever regarding the time, place, or manner of the alleged fraud, let alone the role of the

19   named defendants in the purportedly fraudulent and/or unlawful scheme, a failure sufficient in

20   and of itself to warrant dismissal of Shell's RICO claim. Despite filing a Second Amended

21   Counterclaim, Shell still does not attribute specific conduct to any individual defendants, as is

22   required when pleading fraud. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541

23   (9th Cir. 1989) (failure to "attribute specific conduct to individual defendants" fatal to RICO

24   claim); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397,

25   405 (9th Cir. 1991) ("[Rule 9(b)] requires a pleader of fraud to detail...the role of *each* defendant

26   in *each* scheme.") (emphasis added).

27

28

1    Shell's allegations against Internet Archive and its Board Members fall far short of
2  meeting this burden, and cannot be cured.  Thus, Shell's Motion to Amend is futile and should be
3  denied.

4                                    Respectfully submitted,

5                                    PERKINS COIE LLP

6  Date:  April 27, 2006            By: _Kenneth B Wilson_

7                                    Kenneth B. Wilson

8                                    Attorneys for Plaintiff and Counterclaim-Defendant
9                                    INTERNET ARCHIVE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO AMEND                              CASE NO. C 06 0397 (JSW)