KENNETH B. WILSON, State Bar No. 130009
  kwilson@perkinscoie.com
STEFANI E. SHANBERG, State Bar No. 206717
  sshanberg@perkinscoie.com
MICHAEL H. RUBIN, State Bar No. 214636
  mrubin@perkinscoie.com
LILA I. BAILEY, State Bar No. 238918
  lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107
Telephone:   (415) 344-7000
Facsimile:   (415) 344-7050

Attorneys for Plaintiff and Counterclaim Defendant
INTERNET ARCHIVE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE SHELL, a Colorado resident,<br><br>Defendant. | Case No.: C 06 0397 (JSW)<br><br>**INTERNET ARCHIVE'S OPPOSITION TO SHELL'S MOTION TO TRANSFER**<br><br>Date:     May 19, 2006<br>Time:    9:00 a.m.<br>Before:  Hon. Jeffrey S. White<br>Location: Courtroom 2, 17th Floor |

# TABLE OF CONTENTS

PAGE

Introduction ..................................................................................................................... 1

Background Facts ........................................................................................................... 1

Argument ......................................................................................................................... 2

    I.      JURISDICTION IS APPROPRIATE IN THE NORTHERN DISTRICT OF CALIFORNIA AS A MATTER OF LAW ............................................... 3

    II.      VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA .................................................................................................... 4

          A.      By Filing Her Counterclaims, Shell Consented to Proceeding in this Forum. ........................................................................................ 5

          B.      Internet Archive's Declaratory Relief Claim Is Properly Before This Court. .................................................................................................. 5

          C.      Shell Has Not Shown that this Action Can Be Transferred to Colorado. ............................................................................................... 6

    III.      THERE IS NO BASIS FOR TRANSFERRING THIS ACTION TO ANY OTHER VENUE ............................................................................................. 7

          D.      Internet Archive's Choice of This Forum Should not be Disturbed ..... 9

          E.      Virtually All Evidence In this Action is in the San Francisco Bay Area ................................................................................................... 10

          F.      It Would Be Significantly Less Expensive to Litigate This Action in California Than it Would be to Litigate it in Colorado .................. 11

          G.      Each Cause of Action Arises from San Francisco-Centered Activity ............................................................................................. 11

          H.      The San Francisco Community Has an Interest in Adjudicating this Case Locally .................................................................................... 12

Conclusion ................................................................................................................... 12

# TABLE OF AUTHORITIES

PAGE

Cases

*American Ass'n of Naturopathic Physicians v. Hayhurst,*
    227 F.3d 1104 (9th Cir. 2000)................................................................. 3

*Brayton Purcell LLP, v. Recordon & Recordon,*
    361 F.Supp.2d 1135 (N.D. Ca. 2005)........................................................ 7

*Database America, Inc v. Bellsouth Advertising & Publishing Corp.,*
    825 F. Supp. 1195 (D.N.J. 1993) ............................................................ 4

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986)................................................................. 8, 11

*E. & J. Gallo Winery v. F. & P. S.p.A.,*
    899 F. Supp 465 ............................................................................. 8

*Ellis v. Costco Wholesale Corp.,*
    372 F. Supp. 2d 530 (N.D. Cal. 2005) ..................................................... 7

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) ........................................................................ 8

*Harris Rutsky & Co. Ins. Services v. Bell & Clements Ltd.,*
    328 F.3d 1122 (9th Cir. 2003).............................................................. 4

*Ravelo Monegro v. Rosa,*
    211 F.3d 509 (9th Cir. 2000) ............................................................... 8

*Schnabel v. Lui,*
    302 F.3d 1023 (9th Cir. 2002)............................................................. 3, 5

*Security People, Inc. v. Classic Woodworking, LLC,*
    No. C-04-3133 MMC, March 4, 2005 WL 645592 (N.D. Cal. 2005) ................ 3

**Statutes**

28 U.S.C. § 1391(b) ............................................................................ 4, 5

28 U.S.C. § 1400 ................................................................................ 5, 7

28 U.S.C. §1404(2) ............................................................................. 2, 7

28 U.S.C. §1406 ................................................................................. 2, 6

**Other Authorities**

3 Melville B. Nimmer & David Nimmer,
   NIMMER ON COPYRIGHT § 12.01[D] (2005) .................................................................. 5

**Rules**

Civil Local Rules 7-2(d) ........................................................................................................ 8

Civil Local Rules 7-5(a) ........................................................................................................ 8

Federal Rule of Civil Procedure 12(b)(2) ........................................................................ 2, 3

Federal Rule of Civil Procedure 12(b)(3) ........................................................................... 3

Federal Rule of Civil Procedure 12(b)(5) ........................................................................... 3

Federal Rule of Civil Procedure 12(h)(1) ........................................................................... 3

## Introduction

Defendant and Counterclaimant Suzanne Shell ("Shell") seeks to have this Action transferred to the District of Colorado. However, Shell completely ignores the well-established legal principles governing venue transfers. Indeed, Shell cites no law that supports her position and provides this Court no evidence to consider. Shell's Motion to Transfer is, instead, a self-serving collection of inapposite and legally waived arguments. Yet, even giving Shell's motion the benefit of all doubts, there is simply no way to conclude that transfer is appropriate here. Beyond being the district where all facts giving rise to each claim occurred, this district is where all likely witnesses other than Shell herself are located. Indeed, Shell's motion is little more than a naked assertion that it would be inconvenient for her to litigate her claims here, so the inconvenience should be shifted to non-profit Internet Archive. That is neither reasonable nor the law. Shell's motion must be denied.

## Background Facts

As set forth in detail in Internet Archive's Complaint and its pending Motion to Dismiss, Internet Archive is a non-profit organization that was founded in 1996 to build an Internet library located at www.archive.org, with the goal of providing permanent access for researchers, historians, and scholars to the ephemeral content of the digital world. *See* Complaint for Declaratory Relief of Copyright Non-Infringement ("Complaint"), ¶ 1. This is accomplished through Internet Archive's Wayback Machine, which provides public access to archived Web site content and can be used to access over 55 billion Web pages stretching back ten years.

In an effort to accommodate Web site authors who do not want a historical record made of their sites, Internet Archive provides information on its Web site advising Web site owners how to remove sites from the historical archives. Internet Archive also removes material from the Wayback Machine upon request from a Web site's author or publisher. *See* Complaint, ¶ 9.

Internet Archive initiated this Action only after it concluded that Defendant and Counterclaimant Suzanne Shell was determined to litigate this matter, despite Internet Archive's efforts to find an amicable resolution. [Declaration of Molly Bragg in Support of Internet Archive's Opposition to Shell's Motion to Transfer, ("Bragg Decl."), ¶¶ 4, 5.] Indeed, it appears

1  that Shell seeks out copyright litigation, as she offers a "reward" in the form of a percentage of
2  any payment received, or damages awarded, to anyone reporting copyright infringement of the
3  materials posted on her www.profane-justice.org Web site. *See* Complaint, ¶ 18; Counterclaim,
4  ¶ 18.

5  Thus, as a direct result of Shell's statements, demands, threats of litigation, and litigious
6  reputation, Internet Archive filed the present suit for a declaratory relief of copyright non-
7  infringement on January 20, 2006. Shell filed her first responsive pleading in the form of an
8  answer, plus her original counterclaims on March 10, 2006. Shell then filed an amended answer
9  and amended counterclaims on March 13, 2006. Nowhere in either of those pleadings did Shell
10 ever assert that this Court lacked personal jurisdiction over her. Weeks later, on April 7, 2006,
11 Shell filed the pending Motion to Transfer this Action to the District of Colorado.

## Argument

13 It is not entirely clear on what basis Shell actually seeks to have this Action transferred.
14 Her pending motion is confused at best. On the one hand, it seeks a transfer on
15 28 U.S.C. §1406(a) grounds, but on the other, it lays out an argument relevant to a *forum non*
16 *conviens* transfer pursuant to 28 U.S.C. §1404(a). Similarly, while Shell failed to raise lack of
17 personal jurisdiction as a defense in her Answer and does not purport to base her motion to
18 dismiss on Federal Rule of Civil Procedure 12(b)(2), which authorizes a motion to dismiss for
19 lack of personal jurisdiction, Shell nonetheless provides a detailed discussion of personal
20 jurisdiction in her motion papers.

21 Regardless of which rule or statute upon which Shell hoped to base her motion, there are
22 common principles that underlie them all and none supports dismissal or transfer here. The three
23 essential legal principles implicated are: (*i*) personal jurisdiction, (*ii*) proper venue, and (*iii*)
24 convenient venue. Because it is utterly unclear upon which basis Shell moves, Internet Archive
25 will address each issue and show that under each this Action is properly before this Court.

## I. JURISDICTION IS APPROPRIATE IN THE NORTHERN DISTRICT OF CALIFORNIA AS A MATTER OF LAW

It is hornbook law that an objection to personal jurisdiction is waived if not asserted in a defendant's first responsive pleading. Fed. R. Civ. P. 12(h)(1). While Shell's pending motion provides some discussion of personal jurisdiction concepts, she unquestionably failed to raise lack of personal jurisdiction as a defense when she filed her Answer. Indeed, even now, Shell has styled her motion as a motion to dismiss for improper venue under F.R.C.P. 12(b)(3), not a motion to dismiss for "lack of jurisdiction over the person" under F.R.C.P. 12(b)(2). Thus, Shell has waived any objection to personal jurisdiction. *Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) (holding that defendant had waived objections to personal jurisdiction by failing to raise them in first motion).[1]

Shell's jurisdictional objections must be rejected for another reason: she affirmatively invoked this Court's jurisdiction by asserting four affirmative claims against Internet Archive in this Court, and by attempting to assert further counterclaims against three individuals. As the Ninth Circuit recently and unequivocally held in *Schnabel*, "when a party who has appeared only as a defendant, defends and files a counterclaim, objection to personal jurisdiction is waived." *Schnabel*, 302 F.3d at 1023; *see also Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, March 4, 2005 WL 645592 (N.D. Cal. 2005) (striking personal jurisdiction affirmative defense based on defendant's filing of a compulsory counterclaim, holding that under *Schnabel*, "[a]s Classic has filed a counterclaim, it has waived any objection to personal jurisdiction."). *Id.* at §4. This affirmative conduct provides a further basis for rejecting Shell's jurisdictional objections, to the extent she can be deemed to have made such objections in the first place.

---

[1] Shell's status as a pro se litigant can provide no excuse here, as pro se litigants are "not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (holding pro se litigant had waived jurisdictional objections when he had failed to raise them in a motion for improper service under Rule 12(b)(5)).

- 3 -

Finally, in the unlikely event that the Court were to find that Shell raised a personal jurisdiction defense in her moving papers and, thus, had not previously waived that defense, Internet Archive respectfully requests the opportunity to conduct expedited jurisdictional discovery. Based solely on the information that Internet Archive has been able to gather informally, there is ample reason to believe that such discovery would show that this Court can properly exercise personal jurisdiction over Shell. In addition to the numerous contacts that Shell made to California in direct connection with this matter before Internet Archive was compelled to initiate this Action, Internet Archive has learned that Shell has traveled to California as part of her business, has paying clientele in California, and has appeared in court as an advocate in California. [Bragg Decl., ¶¶ 4, 5; Declaration of Michael H. Rubin in Support of Internet Archive's Opposition to Shell's Motion to Transfer, ("Rubin Decl."), ¶¶ 2-3]. Indeed, Internet Archive has been told that Shell intends to further extend her operations into California. [Rubin Decl., ¶ 4.]

Where a party makes a prima facie showing of personal jurisdiction, it is improper for a court to grant a motion to dismiss on the basis of a lack of personal jurisdiction. *Harris Rutsky & Co. Ins. Services. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). It is reversible error to deny a party the opportunity to conduct the jurisdictional discovery necessary to make that prima facie showing. *Id.* at 1135 (holding that "the district court abused its discretion in denying ASR's motion for jurisdictional discovery, and [finding] that a remand [would] be necessary to allow ASR the opportunity to develop the record and make a prima facie of jurisdictional facts"). If what Internet Archive has already learned can be verified through discovery, it will confirm that this Court can properly exercise personal jurisdiction over Shell. That would certainly amounts to a prima facie showing. Therefore, leave to conduct jurisdictional discovery should be granted if this Court concludes that Shell has somehow preserved that defense.

## II. VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA

Contrary to Shell's mistaken statement of the law, the venue for a declaration of copyright non-infringement is governed by the general venue statute, not the copyright

- 4 -

1  infringement venue statute. *See Database America, Inc v. Bellsouth Advertising & Publishing
2  Corp.*, 825 F. Supp. 1195, 1207 (D.N.J. 1993) ("Venue in a declaratory judgment action for
3  patent or copyright infringement is governed by the general venue statute at 28 U.S.C. § 1391(b),
4  rather than by the specific venue statute for infringement actions at 28 U.S.C. § 1400"); *See also*
5  3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 12.01[D] (2005).

6  Applying the proper statutory standard, venue for this is appropriate and proper in the
7  Northern District of California.

8  **A.    By Filing Her Counterclaims, Shell Consented to Proceeding in this Forum.**

9  As noted above, this Court has recently held that a party filing counterclaims thereby
10 waives any objection to personal jurisdiction. *See Schnabel, supra.* Underlying this ruling is the
11 principle that by filing counterclaims, a defendant has consented to proceeding in the forum in
12 which the action is pending.

13 That same principle applies in the context of a challenge to venue. By asserting
14 affirmative counterclaims, and by taking the additional step of moving to amend the pleadings to
15 add claims against new third parties, Shell has effectively consented to resolving her disputes in
16 this forum. This constitutes a sufficient basis in and of itself to warrant denial of Shell's request
17 to dismiss or transfer based on improper venue.

18 **B.    Internet Archive's Declaratory Relief Claim Is Properly Before This Court**

19 Internet Archive's declaratory relief claim, which seeks a determination that conduct
20 undertaken by Internet Archive in San Francisco is lawful, is properly venued in this Court.
21 Under the general venue statute, venue is appropriate here if this is "a judicial district in which a
22 substantial part of the events or omissions giving rise to the claim occurred, or a substantial part
23 of the property that is the subject of the action is situated," not only, as Shell asserts, if a
24 defendant resides in this district. *Compare* 28 U.S.C. § 1391(b)(2) with 28 U.S.C. § 1400(a).

25 Here, as set forth above, Internet Archive, its infrastructure, employees, and the acts of
26 alleged infringement took place in the San Francisco Bay Area. All of the acts and all of the
27 individuals that participated in the acts that gave rise to Internet Archive's declaratory judgment
28 claim reside in this district, and the servers on which the allegedly infringing material is stored

- 5 -

are also located in this district. [Bragg Decl., ¶ 2]. Shell herself acknowledges the acts of alleged infringement were conducted by Internet Archive "without ever leaving Internet Archive offices in San Francisco." Answer, ¶ 106. Indeed, while Shell denied the legal conclusion in Internet Archive's Complaint that venue is proper in this judicial district, she did not specifically deny Internet Archive's allegation that "this is a judicial district in which a substantial part of the events giving rise to the claims occurred;" instead, she stated that "a substantial part of the events giving rise to the claims occurred in Colorado," an allegation that is not inconsistent with Internet Archive's allegations. Answer, ¶ 4. Shell asserts in that same paragraph that "a substantial part of the property that is the subject of this action *was originally located* in Colorado," thereby at least implicitly conceding that now such property "is situated" (to use the language of Section 1391(b)) in California. (Emphasis added).

On this record, there can be little question that Internet Archive has satisfied the statutory venue requirements for proceeding in the Northern District of California.[2]

### C. Shell Has Not Shown that this Action Can Be Transferred to Colorado.

Under 28 U.S.C. § 1406, a suit can only be transferred "to any district or division in which it could have been brought." While Shell has argued that venue would have been proper in Colorado for Internet Archive's claims against her, she has not asserted and cannot assert that her counterclaims could have been properly venued in Colorado. This shortcoming strongly militates against transferring this action to Colorado as Shell proposes.

Shell has asserted four claims against Internet Archive: (*i*) copyright infringement, (*ii*) civil theft and/or conversion, (*iii*) breach of contract, and (*iv*) RICO violations. Putting aside whether they will survive a motion to dismiss, it is unquestionable that each of these claims arises from the same set of actions: the automated crawling and caching of Web sites by Internet Archive for the purposes of establishing a public library of the otherwise ephemeral digital content that gave rise to Internet Archive's declaratory judgment claim. Thus, the adjudication

---

[2] As discussed above, if the Court believes that this record is in fact insufficient to make this showing, the requested limited discovery on these issues should be allowed.

- 6 -

| INTERNET ARCHIVE'S OPPOSITION TO | CASE NO. C 06 0397 (JSW) |
| SHELL'S MOTION TO TRANSFER | |

of any claim in this action will involve presentation and consideration of substantially the same, if not precisely the same, evidence as will be needed for adjudication of the others. Interests of judicial economy strongly suggest that all claims be tried together.

Focus on Shell's copyright infringement claim establishes that the only appropriate venue in which that can happen is the Northern District of California. While Shell was mistaken in her belief that 28 U.S.C. § 1400 governed the venue determination for Internet Archive's declaratory judgment action, that provision does in fact govern the venue determination for her infringement claim. As Shell accurately notes in her moving papers, "Civil actions . . . arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant . . . may be found." 28 U.S.C. § 1400(a). As established by the pleadings in this matter, Internet Archive is a 501(c)(3) non-profit organization with its headquarters in San Francisco. The Northern District of California, then, is where Internet Archive is found for the purposes of determining venue; there is no evidence in the record from which the Court could find otherwise. *See Brayton Purcell LLP, v. Recordon & Recordon*, 361 F.Supp.2d 1135, 1138 (N.D. Ca. 2005).[3] Therefore, it would not be appropriate under any scenario to transfer this action to Colorado.

### III. THERE IS NO BASIS FOR TRANSFERRING THIS ACTION TO ANY OTHER VENUE

Although Shell has made it clear that she would prefer to litigate this case closer to home, and has suggested by the phrasing of her argument that she is seeking to transfer this action to Colorado based on convenience (per 28 U.S.C. § 1404(2)), she has failed to address the factors this Court must consider in determining whether to transfer this case to Colorado. Here, the most relevant considerations are: (*i*) the plaintiff's forum choice, (*ii*) ease of access to evidence, including witnesses and documents, (*iii*) the differences in litigation costs between the competing forums, (*iv*) the contacts relating to the plaintiff's cause of action in the chosen forum, and (*v*) the local community and jury pool's interest in localized controversies. *Ellis v. Costco Wholesale*

---

[3] Indeed, had Shell brought her action in the District of Colorado as she threatened to, Internet Archive would have been able to being a transfer motion to bring the case to this Court.

-7-

INTERNET ARCHIVE'S OPPOSITION TO
SHELL'S MOTION TO TRANSFER

CASE NO. C 06 0397 (JSW)

1  *Corp.*, 372 F. Supp. 2d 530, 536 (N.D. Cal. 2005).  Each factor favors keeping this case where
2  Internet Archive filed it:  the Northern District of California.

### D.    Internet Archive's Choice of This Forum Should not be Disturbed

Courts addressing motions to transfer begin their analysis with a presumption that the plaintiff's forum choice should not be disturbed. *Ravelo Monegro v. Rosa,* 211 F.3d 509, 513 (9th Cir. 2000) (noting the "strong presumption" in favor of a plaintiff's forum choice.) *See also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Thus, Shell must make a "strong showing of inconvenience" here to warrant upsetting Internet Archive's forum choice.[4] *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). She has failed to do that. While Shell's papers do make a number of unsupported assertions that it would be more convenient for her to litigate this case were it transferred to the District of Colorado, her understanding of "convenience" in this context is misguided. Indeed, Shell appears to believe that so long as the burden on her is lessened, that equates with "convenience." Unsurprisingly, that is not how courts decide the suitability of a case for transfer. Rather, in assessing convenience and the related issues of burden involved these sorts of motions, courts take a global view and consider the aggregate burden to all parties – and to the court itself – that would be involved in adjudicating the matter in either venue. When confronted with motions to change a plaintiff's forum choice that would simply result in shifting the burden or inconvenience of litigating from one party to another, as it would here, those motions are rejected. *See, e.g., id.* (denying motion to transfer where "transfer would merely shift rather than eliminate the inconvenience."). As such, there is no justification for disturbing Internet Archive's deliberate and reasonable choice of this forum.

---

[4] In fact, having failed to provide this Court with a shred of evidence, Shell makes no showing at all to carry her burden here. Shell has not supported a single assertion of burden or inconvenience with evidence, as required by Civil Local Rules 7-2(d) and 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record") This is an independent and sufficient basis for this Court to deny Shell's unsupported motion. *See, e.g., E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp 465, 467 (denying motion for transfer of venue where moving party failed to submit the required declarations).

- 9 -

### E. Virtually All Evidence In this Action is in the San Francisco Bay Area

Shell's Motion ignores the simple fact that nearly all of the principal witnesses, documents, and other information relevant to this dispute are found in California. Internet Archive's principle place of business is in San Francisco. [Bragg Decl., ¶ 2.]. The individuals most knowledgeable regarding the technology at the heart of this dispute and the alleged infringement are the employees of the Internet Archive, nearly all of whom live and work in California. *Id.* The vast majority of the relevant records, in both paper and electronic form, are also located in San Francisco. [*Id.*] These are housed in multiple Internet Archive sites throughout the Bay Area. [*Id.*] Shell has asserted that she owns a single Web site located in Colorado, but the copies she claim infringe her copyright are all located in San Francisco. Second Amended Answer, ¶ 2; Complaint, ¶ 7. In fact, Shell is the only connection to Colorado, as Internet Archive has no employees of offices there. [Bragg Decl., ¶ 4.]

Shell has also purported to add three individual counterclaim defendants to this action – Brewster Kahle, Rick Prelinger and Kathleen Burch.[5] Second Amended Answer, ¶ 93. Each of these individuals resides in California. [Bragg Decl., ¶ 3.] Although it is entirely inappropriate for these individuals to be added as parties to this Action and Internet Archive does not expect Shell's effort at harassment here to be successful, it certainly shows that Shell considers these individuals to be highly relevant to the adjudication of her claims. It is reasonable, therefore, to presume that she herself may choose to call them as witnesses. Yet they, like everything else associated with the Internet Archive, are all located in California. The clear weight of the convenience to those three individuals, whether as witnesses or as parties, militates against a transfer to Colorado.

Thus, the convenience of the witnesses and ease of access to documents and technology likely to be relevant in this case weigh in favor of denying Shell's motion to transfer.

---

[5] Shell has also not shown how a Colorado court would have personal jurisdiction over the purported individual counterclaim defendants. It would be impossible for her to do so. In any event, Internet Archive does not believe that Shell's effort to add these individuals will ultimately succeed.

### F. It Would Be Significantly Less Expensive to Litigate This Action in California Than it Would be to Litigate it in Colorado

Shell makes much of her pro se status in explaining her personal inconvenience in litigating in this District, but she fails to mention that Internet Archive is non-profit corporation. Shell does, however, recognize that "the parties and the court have a duty to minimize the costs of litigation." Motion to Transfer, ¶ 18. Considering that every likely witness to this action besides Shell herself, and nearly all of the other potential relevant evidence, is located in California, the transportation and shipping costs alone of getting these materials and individuals to a Colorado courtroom would be significant. It would be severely disproportionate to impose all of these costs on Internet Archive, in comparison to the cost of a single individual coming to California.[6] Moreover, it would be extremely disruptive to Internet Archive's business, not to mention financially burdensome to the individual employees, for managers, technologists, engineers and other key personnel to take extra time away from work to travel to a foreign District to testify.

Shell has only considered the cost of this action in terms of cost to herself, but certainly has not considered the significant expense it would impose upon Internet Archive or to any third party witnesses of transporting this entire case to a foreign District. This factor also weighs in favor of keeping this case here.

### G. Each Cause of Action Arises from San Francisco-Centered Activity

As detailed above, all of the claims in this action, including Shell's counterclaims, arise from the same set of activities, all of which occurred in the Bay Area. Shell admits this. She first claims that because her Web site is "located in Colorado," Internet Archive's actions somehow "occurred in Colorado." Motion to Transfer, ¶¶ 10-11. However, a mere two

---

[6] In her motion, Shell notes that she is "required to personally participate in all hearings" and that because "the distance between Colorado Springs and San Francisco is great," this would be a burden to her. Motion to Transfer, ¶18. Internet Archive notes the irony of Shell having filed a notice of intention to appear telephonically for the hearing on this very motion. This method of personal appearance (which Internet Archive does not oppose) erases entirely any potential burden until trial.

- 11 -

sentences later in her motion, Shell admits that "Internet Archive did not enter Colorado" when it "copied material from [her] web site." Motion to Transfer, ¶ 13. Her Answer further asserts that the acts of alleged infringement were accomplished by the Internet Archive "without ever leaving Internet Archives office in San Francisco." Answer, ¶ 106. These incongruous assertions may demonstrate Shell's misunderstanding of the basic architecture of the Internet and of the technology involved in web crawling, but they do not provide any basis for granting her motion and transferring this Action to Colorado.

### H. The San Francisco Community Has an Interest in Adjudicating this Case Locally

Courts recognize that "there is local interest in having localized controversies decided at home." *Decker Coal*, 805 F.2d at 843. San Francisco residents have a local interest in this dispute. Despite its global reach and importance, Internet Archive is a non-profit organization and public library centered here in the Bay Area. Moreover it would not be a burden to ask citizens of San Francisco serve as jurors on this matter, since it relates to causes of action that took place here and any decision on the issues this case raises will be of significant interest to the Bay Area technology industry. The same cannot be said for Coloradans, who have far less interest in this matter and its outcome. Because the San Francisco community has a local interest in this dispute, this factor weighs against transfer.

### Conclusion

For the foregoing reasons, Internet Archive respectfully requests that this Court deny Shell's Motion to Transfer.

Dated: April 27, 2006

**PERKINS COIE LLP**

By: /s/ Kenneth B. Wilson
Kenneth B. Wilson

Attorneys for Plaintiff and Counterclaim-Defendant INTERNET ARCHIVE

- 12 -

INTERNET ARCHIVE'S OPPOSITION TO
SHELL'S MOTION TO TRANSFER

CASE NO. C 06 0397 (JSW)