KENNETH B. WILSON, State Bar No. 130009
  kwilson@perkinscoie.com
STEFANI E. SHANBERG, State Bar No. 206717
  sshanberg@perkinscoie.com
MICHAEL H. RUBIN, State Bar No. 214636
  mrubin@perkinscoie.com
LILA I. BAILEY, State Bar No. 238918
  lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107
Telephone:   (415) 344-7000
Facsimile:    (415) 344-7050

Attorneys for Plaintiff and Counterclaim Defendant
INTERNET ARCHIVE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE SHELL, a Colorado resident,<br><br>Defendant. | Case No.: C 06 0397 (JSW)<br><br>**DECLARATION OF MICHAEL H. RUBIN IN SUPPORT OF INTERNET ARCHIVE'S OPPOSITION TO SHELL'S MOTION TO TRANSFER**<br><br>Date:     May 19, 2006<br>Time:    9:00 a.m.<br>Before:  Hon. Jeffrey S. White<br>Location: Courtroom 2, 17th Floor |

I, Michael H. Rubin, declare as follows:

1. I am an attorney duly admitted to practice in California and before this Court. I am an attorney at the law firm of Perkins Coie LLP in San Francisco, California, counsel for plaintiff Internet Archive in the above-captioned action. I make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the facts set forth herein.

2. On April 24, 2006, I spoke with William Tower, a paralegal and law student who resides in Sacramento, California. Mr. Tower is also the President of the American Family Rights Association and it is in that capacity that he has come to know Defendant and

1  Counterclaimant Suzanne Shell ("Shell").

2      3.    Mr. Tower detailed to me a meeting that he had with Shell in San Jose, California in or about September 2005. According to Mr. Tower, Ms. Shell was in California working with a paying client in connection with her advocacy business. He informed me that the meeting took place in San Jose because that was close to the court in which Shell was appearing as an advocate.

    4.    Mr. Tower also advised me that Shell has been seeking to establish branches of her Family Rights Advocacy Institute in California.

    5.    Based on my conversations with Mr. Tower, I believe that discovery limited to issues of personal jurisdiction and venue would yield admissible evidence regarding not only those contacts, but also information regarding additional contacts between Shell and this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed this April 24, 2006, in San Francisco, California.

_____
Michael H. Rubin

- 2 -