1 | Suzanne Shell - pro se
2 | dsshell@ix.netcom.com
  | 14053 Eastonville Rd.
3 | Elbert, CO 80106
4 | Telephone: (719)749-2971
  | Fax: (719)749-2972
5 |
3 | Defendant
7 |
8 |



### UNITED STATES DISTRICT COURT

9 | ### NORTHERN DISTRICT OF CALIFORNIA

10 | ### SAN FRANCISCO DIVISION

11 |

12 | INTERNET ARCHIVE                          CASE NO. C 06 0397 JSW
13 |    Plaintiff and Counterclaim Defendant
14 | v.
15 | SUZANNE SHELL                            **MOTION FOR RULE 11**
16 |    Defendant and                        **SANCTIONS**
17 |    Counterclaim Plaintiff and
18 |    Third Party Plaintiff
19 | v.
20 | AND RELATED COUNTERCLAIMS
21 | AND THIRD PARTY CROSS CLAIMS
22 |
23 |
24 |     Defendant Suzanne Shell (Defendant or Shell) herein submits her motion for
25 | sanctions pursuant to Fed.R.Civ.P. Rule 11 against Kenneth B. Wilson, State Bar No.
26 | 130009, Stefani E. Shanberg, State Bar No. 206717, Sarah E. Piepmeier, State Bar No.
27 | 227094 and Lila I. Bailey, State Bar No. 238918 all of the law firm Perkins Coie LLP.
28 | Perkins Coie LLP was mailed a copy of the motion on April 11, 2006, and have not
   | remedied the acts giving rise to this request for sanctions.


Dockets.Justia.com

1   remedied the acts giving rise to this request for sanctions.

2   1.   The Complaint in this action was filed on behalf of Internet Archive by the

3        aforementioned attorneys for improper purposes, to harass the defendant and

4        intimidate her into not seeking legal remedies for Internet Archive's theft and

5        infringement of her intellectual property. They were aware that Shell was not

3        represented by counsel when she sought remedies for Internet Archive's infringing,

7        criminal and tortious conduct, and used the filing of this complaint to bully her into

8        relinquishing her claims against Internet Archive. This is also demonstrated by

9        their efforts to seek and obtain unauthorized and unjustified costs and fees from

10       Shell for filing this complaint, and in the bullying content of the letter sent to Shell

11       which accompanied their complaint.

12  2.   The claims and defenses and other legal contentions contained in the complaint are

13       not warranted by existing law and are frivolous and vexatious. There is no existing

14       legal basis or theory under which Internet Archive can justify claiming rights to

15       infringe Shell's intellectual property in the manner that it has and characterize it's

16       use as 'fair use.' All existing law establishes the exact opposite of this - including a

17       case wherein the law firm of Perkins Coie LLP defended an infringer which

18       resulted in a finding of infringement on materially identical grounds that form the

19       basis of this case[1]. There is also no existing law which authorizes computer crimes

20       and/or theft or racketeering by the Plaintiff in support of illegally acquiring the

21       intellectual property of others for it's own use. In the absence of any law

22       supporting the Plaintiff's position, and the ensuing unlikelihood that the Plaintiff

23       would prevail on its complaint for declaratory relief, the only purpose for filing

24       such a frivolous complaint would be to harass, intimidate and bully the Defendant

25       into waiving her claim against Internet Archive's for it's conduct and absolve it of

26

27  [1]

28  Kelly v. Arriba Soft Corp., 280 F.3d 934 (9th Cir. 02/06/2002) (opinion withdrawn for other reasons, however, the analysis on the issue of online infringement is clear and unambiguous.)

1    liability.

2    3.    The allegations and other factual contentions made in the complaint are not

3    supported by the evidence and there is no discoverable evidence which would

4    support the allegations and other factual contentions that Shell was litigious as

5    described in lines 16, 17 & 18 of the complaint. These statements were submitted

3    for the sole purpose of prejudicing the court against the defendant. In no event,

7    could a single court injunction as described, wherein Shell was the respondent, be

8    characterized as 'litigious.'

9    4.    These attorneys sought improper jurisdiction and/or venue in order to make it more

10    difficult for Shell to defend herself and her rights by forcing her to defend herself

11    in a court in another state. The Rules are crystal clear regarding proper venue, that

12    the proper venue for filing is the venue where the defendant lives. These attorneys

13    chose to ignore that rule in an effort to needlessly and dramatically increase the

14    costs of litigation for the defendant by forcing her to travel to California from

15    Colorado in an effort to cause her to be unable to litigate her defense. The filing of

16    this action in the improper venue is especially egregious since Perkins Coie LLP

17    has offices in Denver, Colorado, where this action should have been properly filed.

18    With offices in Denver, the expense of the Plaintiff litigating this complaint in the

19    proper venue would have been minimal compared to the prohibitive expense Shell

20    faces as a pro se defendant who must travel for appearances, depositions, etc.

21    5.    The courts are required to construe the plaintiff's pleadings as true, which makes it

22    imperative that the allegations are, in fact, true. False statements can severely

23    prejudice opposing party's rights and claims. The Plaintiff's allegations in item 15

24    of the complaint are false regarding alleged statements attributed to Shell. See

25    attached transcript of the referenced phone call, Exhibit A.

26    6.    Additionally, Plaintiff's claims that "a substantial part of the events giving rise to

27    the claims set forth in the Complaint occurred in San Francisco County" are

28    patently false. It in inconceivable that the Plaintiff's act of taking property which

was situated on a computer system in Colorado could be reasonably construed to

1 | Suzanne Shell - pro se
2 | dsshell@ix.netcom.com
  | 14053 Eastonville Rd.
3 | Elbert, CO 80106
4 | Telephone: (719)749-2971
  | Fax: (719)749-2972
5 |
3 | Defendant
7 |
8 |



**UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**
10 | **SAN FRANCISCO DIVISION**
11 |

12 | INTERNET ARCHIVE                        CASE NO. C 06 0397 JSW
13 |     Plaintiff and Counterclaim Defendant
14 |     v.
15 | SUZANNE SHELL                           **MOTION FOR RULE 11**
16 |     Defendant and                        **SANCTIONS**
17 |     Counterclaim Plaintiff and
18 |     Third Party Plaintiff
19 |     v.
20 | AND RELATED COUNTERCLAIMS
21 | AND THIRD PARTY CROSS CLAIMS
22 |

23 |

24 |         Defendant Suzanne Shell (Defendant or Shell) herein submits her motion for
25 | sanctions pursuant to Fed.R.Civ.P. Rule 11 against Kenneth B. Wilson, State Bar No.
26 | 130009, Stefani E. Shanberg, State Bar No. 206717, Sarah E. Piepmeier, State Bar No.
27 | 227094 and Lila I. Bailey, State Bar No. 238918 all of the law firm Perkins Coie LLP.
28 | Perkins Coie LLP was mailed a copy of the motion on April 11, 2006, and have not
   | remedied the acts giving rise to this request for sanctions.

1    remedied the acts giving rise to this request for sanctions.

2    1.    The Complaint in this action was filed on behalf of Internet Archive by the

3    aforementioned attorneys for improper purposes, to harass the defendant and

4    intimidate her into not seeking legal remedies for Internet Archive's theft and

5    infringement of her intellectual property. They were aware that Shell was not

3    represented by counsel when she sought remedies for Internet Archive's infringing,

7    criminal and tortious conduct, and used the filing of this complaint to bully her into

8    relinquishing her claims against Internet Archive. This is also demonstrated by

9    their efforts to seek and obtain unauthorized and unjustified costs and fees from

10    Shell for filing this complaint, and in the bullying content of the letter sent to Shell

11    which accompanied their complaint.

12    2.    The claims and defenses and other legal contentions contained in the complaint are

13    not warranted by existing law and are frivolous and vexatious. There is no existing

14    legal basis or theory under which Internet Archive can justify claiming rights to

15    infringe Shell's intellectual property in the manner that it has and characterize it's

16    use as 'fair use.' All existing law establishes the exact opposite of this - including a

17    case wherein the law firm of Perkins Coie LLP defended an infringer which

18    resulted in a finding of infringement on materially identical grounds that form the

19    basis of this case[1]. There is also no existing law which authorizes computer crimes

20    and/or theft or racketeering by the Plaintiff in support of illegally acquiring the

21    intellectual property of others for it's own use. In the absence of any law

22    supporting the Plaintiff's position, and the ensuing unlikelihood that the Plaintiff

23    would prevail on its complaint for declaratory relief, the only purpose for filing

24    such a frivolous complaint would be to harass, intimidate and bully the Defendant

25    into waiving her claim against Internet Archive's for it's conduct and absolve it of

26

27    [1]

28    Kelly v. Arriba Soft Corp., 280 F.3d 934 (9th Cir. 02/06/2002) (opinion withdrawn for
other reasons, however, the analysis on the issue of online infringement is clear and
unambiguous.)

1    liability.

2  3.   The allegations and other factual contentions made in the complaint are not

3       supported by the evidence and there is no discoverable evidence which would

4       support the allegations and other factual contentions that Shell was litigious as

5       described in lines 16, 17 & 18 of the complaint. These statements were submitted

3       for the sole purpose of prejudicing the court against the defendant. In no event,

7       could a single court injunction as described, wherein Shell was the respondent, be

8       characterized as 'litigious.'

9  4.   These attorneys sought improper jurisdiction and/or venue in order to make it more

10      difficult for Shell to defend herself and her rights by forcing her to defend herself

11      in a court in another state. The Rules are crystal clear regarding proper venue, that

12      the proper venue for filing is the venue where the defendant lives. These attorneys

13      chose to ignore that rule in an effort to needlessly and dramatically increase the

14      costs of litigation for the defendant by forcing her to travel to California from

15      Colorado in an effort to cause her to be unable to litigate her defense. The filing of

16      this action in the improper venue is especially egregious since Perkins Coie LLP

17      has offices in Denver, Colorado, where this action should have been properly filed.

18      With offices in Denver, the expense of the Plaintiff litigating this complaint in the

19      proper venue would have been minimal compared to the prohibitive expense Shell

20      faces as a pro se defendant who must travel for appearances, depositions, etc.

21  5.   The courts are required to construe the plaintiff's pleadings as true, which makes it

22      imperative that the allegations are, in fact, true. False statements can severely

23      prejudice opposing party's rights and claims. The Plaintiff's allegations in item 15

24      of the complaint are false regarding alleged statements attributed to Shell. See

25      attached transcript of the referenced phone call, Exhibit A.

26  6.   Additionally, Plaintiff's claims that "a substantial part of the events giving rise to

27      the claims set forth in the Complaint occurred in San Francisco County" are

28      patently false. It in inconceivable that the Plaintiff's act of taking property which

        was situated on a computer system in Colorado could be reasonably construed to

1     have occurred in San Francisco County, regardless of whether the Plaintiff left San

2     Francisco County or not. Shell's property existed only in Colorado at the time of

3     the thefts, therefore the thefts occurred in Colorado.[2] The same holds true for the

4     contracts executed by Internet Archive by their deliberate act of copying and

5     distributing. The property was located in Colorado therefore the contracts were

3     executed in Colorado. Since Internet Archive had to deliberately and affirmatively

7     enter into the computer, computer network, or computer system in Colorado

8     wherein Shell's web site was situated, the initial infringing, criminal and tortious

9     acts occurred in Colorado. There is no reasonable or rational or legal basis for

10    construing acts which clearly occurred in Colorado as occurring in San Francisco

11    County.

12   7.    Arguments that Internet Archive is a 'library' in support of and/or and justifying its

13     infringing, tortious and criminal conduct and resultant injuries to the defendant are

14     wholly frivolous and unsupported by law. Arguments that Internet Archive is

15     unwilling or unable to remedy damages caused by its infringing, tortious and

16     criminal conduct with monetary compensation are also wholly frivolous. Monetary

17     compensation is, of course, the customary form of compensation for damages in

18     our court system, and to argue that Internet Archive is entitled to an especial

19     exclusion from liability for such damages by virtue of a allegedly protected

20     'library' status or it's inability to pay is shocking, outrageous and frivolous and

21     entirely inconsistent with our judicial system philosophy that no man is above the

22     law.

23   8.    Taking the aforementioned Rule 11 violations in totality, Plaintiff and it's attorneys

24

25

26     [2]

27     Colorado Revised Statutes § 13-1-124. Jurisdiction of courts (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person and, if a natural person, such person's personal representative

28     to the jurisdiction of the courts of this state concerning any cause of action arising from: (a) The transaction of any business within this state; (b) The commission of a tortious act within this state; . . .(g) The entering into of an agreement pursuant to part 2 or 5 of article 22 of this title.

Exhibit A Internet Archive v. Shell C 06 0397 EDL

Transcript of phone call from Internet Archive, Molly Astrid Bragg to Suzanne Shell dated January 19, 2006 @ approximately 10:19 am Mountain Time.

Phone Rings:

SUZANNE SHELL (S): *Answered phone.*
MOLLY ASTRID BRAGG (M) : *Asked for Suzanne Shell*
S: (Pause) *Asked who's calling?*
M: *Identified herself as Molly Astrid Bragg from Internet Archive.*
S: *Asked if Molly was on a speaker phone.*
M: *Affirmed she was on a speaker phone and asked if Suzanne wanted to be taken off the speaker phone.*
S: *Inquired after the purpose of the call.*

VERBATIM conversation continues:
M: Ok, um, I just wanted to call. I understand our deadline, um, that you wrote to us, is tomorrow and I just wanted to call and see what you're thinking and, um, how you plan to proceed.
S: Um, could you please, Molly, for me, identify who else is in the room with you?
M: Um, I'm here alone.
S: (Pause) OK. (Pause) Then, yeah, I would appreciate it if you would take me off the speaker phone.
M: OK. (Picks up handset) Here we are.
S: OK. So, you want to know how I plan to proceed with my demand I sent you?
M: Yeah, you know, if you, 'cause we are a non-profit so we can't, we're not going to be able to satisfy your request for monetary, uh, for money, basically. So I just wanted to see if you're still planning on trying to proceed, and, um, I just want your thinking and I just wanted to talk to you over the phone in person.
S: OK. Is, is, uh, I guess I'm just going to have to ask you if you could be a little more specific. Basically what you're saying is that you're not going to make the, you're not going to honor the demand.
M: Well, we're a non-profit organization so, um, we have no ability to meet the demand. (Pause)
S: Well, then I don't think we, I don't think we have anything to talk about. Do you?
M: Well, I just wanted to be able to talk to you person to person and, um, find out directly from you if you are still planning to continue with legal action.
S: Well, has, have I given you any indication, um, that I've altered from my course of action, that I had written to you?
M: I'm sorry, can you repeat that?
S: Have I given you any indication that I have, you know, any intention of altering from the course of action which I wrote to you about?
M: Um, well, I haven't heard from you since, since that.
S: No. I mean, you know I'm not intending to harass anybody or anything, you know.
M: Uh- huh.

S: And if there's anything that's unclear about what I said, I'm happy to clarify that. But as far as volunteering any information to you about what I intend to do, I think it is probably best that you rely on what I have submitted in writing.

M: Uh humm.

S: OK?

M: OK. And is there anything else? I mean, since, since I, we, you know, we just can't pay you. We have no extra funds. We're a non-profit organization and we're a library, um, so is there anything else that would satisfy your request?

S: Why? Are you making an offer? A counteroffer here?

M: Um, no, I'm just trying to feel you out and see if there is anything else that you would like.

S: Well, if you're not even here with a serious counteroffer, then I'm just wondering here if you're even negotiating in good faith. OK?

M: Um, yeah.

S: OK. Anything else?

M: Um, no.

S: OK, thank you dear.

M: Um, oh, Suzanne.

S: Yes.

M: Can I have my attorney call you later today to discuss . . .options?

S: Certainly.

M: OK. Thank you very much.

S: Thank you. Bye bye.

M: Bye bye.


Call terminated.

are acting in bad faith, for the vexatious purposes of harassment, intimidation, to needlessly increase the cost of litigation to the defendant, their claims are unwarranted by existing law, their claims constitute outright false statements, are supported by wholly frivolous arguments, and are unsupported by evidence.

WHEREFORE Defendant, Suzanne Shell, seeks the following sanctions:

a.    Order this case to be immediately transferred to the United States District Court for the District of Colorado; or

b.    Alternatively, order and direct the plaintiff to pay in advance all costs associated with defendant's travel and to reimburse her for her normal hourly rate for time away from work to appear for all hearings, conferences, trials, etc. if this case remains in United States District court Northern District of California San Francisco Division;

c.    Deny Plaintiff's request for Declaratory Judgement of Copyright Non-Infringement and order this case to proceed on Shell's Counterclaims;

d.    Any other relief this court deems proper.

Respectfully submitted May 5, 2006

Suzanne Shell
14053 Eastonville Rd.
Elbert, CO 80106
719-749-2971
FAX 719-749-2972
email dsshell@ix.netcom.com

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the attached document **MOTION FOR RULE 11 SANCTIONS** were placed in the United States Mail, first class mail, postage prepaid on April 11, 2006 and on May 5, 2006.

Perkins Coie, LLP
180 Townsend St. Third Floor
San Francisco, CA 94107          Suzanne Shell  May 5, 2006

4

Attorney for appellant:

Anthony P. Shusta II, Esq.
P O Box 170
Madison, ME 04950

Attorneys for appellee:

G. Steven Rowe, Attorney General
Matthew Pollack, Asst. Attorney General
Pat Stevens, Asst. Attorney General
6 State House Station
Augusta, ME 04333-0006

Guardian *ad Litem*:

Michelle Dolley, Esq.
24 Boston Avenue
Winslow, ME 04901

Attorneys for mothers:

Ferdinand A. Slater, Esq.
5 School Street
Ellsworh, ME 04605
(for Anne T.)

Michael Wiers, Esq.
P O Box 395
Hartland, ME 04950
(for Nancy T.)