KENNETH B. WILSON, State Bar No. 130009
  kwilson@perkinscoie.com
STEFANI E. SHANBERG, State Bar No. 206717
  sshanberg@perkinscoie.com
MICHAEL H. RUBIN, State Bar No. 214636
  mrubin@perkinscoie.com
LILA I. BAILEY, State Bar No. 238918
  lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107-1909
Telephone:  (415) 344-7000
Facsimile:  (415) 344-7050

Attorneys for Plaintiff and Counterclaim-Defendant
INTERNET ARCHIVE

Suzanne Shell, *pro se*
  dsshell@ix.netcom.com
14053 Eastonville Road
Elbert, CO 80106
Telephone:  (719) 749-2971
Facsimile:  (719) 749-2972

Defendant and Counterclaimant
SUZANNE SHELL

FILED
06 MAY 15 AM 11:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

ORIGINAL

| | |
|---|---|
| INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE SHELL, a Colorado resident,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: C 06 0397 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff and Counterclaim Defendant Internet Archive ("Plaintiff" or "Internet Archive") and Defendant and Counterclaimant Suzanne Shell ("Defendant" or "Shell") jointly submit this

Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 16 and 26, the Civil Local Rules of the Northern District of California, and this Court's Standing Order.

1. <u>Jurisdiction</u>:

The parties agree that this Court has subject matter jurisdiction over the claims at issue pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and proper venue are disputed by Shell.

2. <u>Brief Description of the Case and Defenses</u>:

**Internet Archive's Description:**

As detailed in numerous documents already filed with the Court, Internet Archive is a non-profit organization that was founded in 1996 to build an Internet library located at www.archive.org. Internet Archive's goal is to provide permanent access for researchers, historians, and scholars to the ephemeral content of the digital world through its Wayback Machine, which can be used to access over 55 billion Web pages stretching back ten years.

In an effort to accommodate those Web site authors who do not want a historical record made of their sites, Internet Archive provides information on its Web site advising Web site owners how to remove sites from the historical archives. Internet Archive also removes material from the Wayback Machine upon request from a Web site's author or publisher.

Internet Archive's dispute with Shell began in earnest on December 12, 2005, when Shell demanded that all copies of her www.profane-justice.org Web site be removed from Internet Archive's Wayback Machine and threatened to sue Internet Archive for actual and/or statutory damages. Internet Archive followed its normal procedures and promptly removed Shell's Web site. That proved insufficient for her, though. Shell continued to threaten to sue Internet Archive if it refused to satisfy her demand for monetary compensation. On several occasions, Internet Archive explained that it was a non-profit organization and would be unable to meet any demand for payment. This back and forth continued through correspondence and conversations over the course of five weeks, with Shell threatening litigation consistently. It eventually became apparent to Internet Archive that an amicable resolution would be impossible.

As a result of Shell's statements, demands, threats of litigation, and litigious reputation, Internet Archive filed the present suit for a declaratory relief of copyright non-infringement on January 20, 2006. On March 10, 2006, Shell filed her first responsive pleading in the form of an answer, plus her original counterclaims for copyright infringement, breach of contract, civil theft/conversion, and RICO violations. As set forth below, Internet Archive has moved to dismiss Shell's counterclaims breach of contract, civil theft/conversion, and RICO violations. Internet Archive believes that it is licensed and/or has made fair use of any copy made of Shell's work, to the extent that she actually authored the work or that it is copyrightable in the first place.

**Shell's Description:**

Shell is a political activist, writer and publisher, and the original author of the literary content contained on the web site www.profane-justice.org. This web site is registered with the U.S. Copyright office. This web site is her online business presence, where she makes her original literary works available to the public for viewing and offers licensing the rights to obtain permanent copies. This licensing scheme is published on each .htm/.html page of her web site with a hyperlink to a copyright/security agreement page which details the full terms of the licensing scheme. Shell exercised her rights to exploit her property as she saw fit for legitimate reasons. Internet Archive possess no especial exclusion from the terms she established regarding the use of her property.

Internet Archive surreptitiously, covertly, secretly and without notice to her and without seeking or obtaining her permission, sought and acquired 87 versions of her entire web site between 1999 and 2005 and reproduced and distributed no less than 3 permanent copies of those versions to its permanent storage facilities. It also made her entire inventory of online literary content available to public view on its Wayback Machine in competition with her own web site without providing any protections against any user making permanent copies or distributing the content. Shell asserts that Internet Archive had a duty to seek her permission before copying,

distributing and displaying her intellectual property. She also asserts it obtained the copies of her property illegally and breached the published licensing terms when it did not prepay the published fees for the permanent copies it acquired and reproduced. Neither did Internet Archive negotiate for a licence fee reduction or waiver before acquiring the property. Even though Internet Archive is a 501(c)(3) non profit, it still obtains financial benefit from its use of Shell's property, in part by not paying for its acquisition of her property.

Shell asserts that Internet Archive made impermissible use of her web site because it obtained the property illegally , therefore the doctrines of unclean hands and equitable estoppel preclude it from seeking relief from the court, and because its use exceeded fair use guidelines, and because its use exceeded that legally permitted by an archive, and because it obtained and used her property under fraudulent circumstances.

Arising out of Internet Archive's illegal acquisition and impermissible use, Shell also alleges counterclaims of civil theft/conversion, breach of contract and Racketeering against Internet Archive. She has also named Brewster Kahle, Rick Prelinger and Kathleen Burch as third party defendants on the Racketeering claim, which is based on Federal RICO predicate acts of criminal copyright infringement and mail and/or wire fraud and state predicates acts of computer crimes and theft, causing damage to her property and business. The counter claims and third party claims are not precluded by copyright law because they contain extra elements other than copying and distributing.

3. <u>Principal Legal Issues Which the Parties Dispute</u>:

The parties dispute the following:

 (a) whether Internet Archive infringed Shell's copyright in the www.profane-justice.org Web site;

|     |     |                                                                                   |
| --- | --- | --------------------------------------------------------------------------------- |
| 1   | (b) | whether Shell can maintain a cause of action for breach of contract, civil        |
| 2   |     | theft, conversion, and/or racketeering against Internet Archive;                  |
| 3   | (c) | whether Internet Archive breached Shell's purported "Security Agreement";         |
| 4   | (d) | whether Internet Archive has committed civil theft;                               |
| 5   | (e) | whether Internet Archive has committed conversion;                                |
| 6   | (f) | whether Internet Archive has violated the Racketeer Influenced and Corrupt        |
| 7   |     | Organizations Act;                                                                |

Shell also claims:

  (g) the joinder of Brewster Kahle, Rick Prelinger and Kathleen Brewster as third party cross-claim defendants and Shell's third party claims against them.

4. <u>Brief Description of Procedural History</u>:

On January 20, 2006, Internet Archive filed a Complaint for Declaratory Relief of Copyright Non-Infringement. On March 7, 2006, Shell filed her original Answer and Objection to Venue and Counterclaims. On March 11, 2006, Shell filed her First Amended Answer and Objection to Venue and Counterclaims. On March 31, 2006, Internet Archive filed its Motion to Dismiss Shell's Counterclaims for breach of contract, civil theft and conversion, and racketeering.

On April 7, 2006, Shell filed a Motion to Transfer. On April 10, 2006, Shell filed her Second Amended Answer and Objection to Venue and Counterclaim and Third Party Claim, as well as a Motion to Amend. On April 17, 2006, Shell filed a Motion to Strike Internet Archive's Motion to Dismiss. On April 20, 2006, Shell filed her Response to Internet Archive's Motion to Dismiss and a Motion to Appear Telephonically at the hearing scheduled for May 19, 2006. On April 27, 2006, Internet Archive filed its Opposition to Shell's Motion to Transfer and its Opposition to Shell's Motion to Amend.

Internet Archive's Motion to Dismiss, Shell's Motion for Leave to Amend, and Shell's Motion to Transfer are all scheduled to be heard by this Court on May 19, 2006 at 9:00 a.m.

5.  Scope of Discovery to Date:

The parties have not conducted any formal discovery, although Internet Archive has requested expedited jurisdictional discovery should this Court find that Shell has preserved her personal jurisdiction objections. The parties intend to serve Initial Disclosures within ten (10) days of the Case Management Conference.

6.  Discovery Plan:

The parties do not believe that any deviation from the standard discovery procedures provided in the Federal Rules of Civil Procedure will be required.

7.  Motions:

**Internet Archive's Position:**

At this time, Internet Archive expects that the motions that might arise will be a further motion to dismiss if Shell's Motion to Amend is granted, any motions made in the context of discovery enforcement, and a potential dispositive motion.

**Shell's position:**

At this time, Shell expects that motions that might arise, a possible motion for a new judge in the event this case is not transferred to Colorado due to the presiding judge's inability to have full day trials which would substantially increase the cost of litigating this trial long distance, any motions made in the context of discovery enforcement, and any potential dispositive motions.

8.  Relief Sought:

**Internet Archive's Relief Requested:**

Internet Archive seeks a declaration of copyright noninfringement, as well its costs incurred in this action, together with its reasonable attorneys' fees.

**Shell's Relief Requested:**

To deny Internet Archive's demand for declaration of copyright non-infringement and deny it's request attorney fees and costs;

To join Brewster Kahle, Kathleen Burch and Rick Prelinger to this action on the third party claims;

To transfer this case to the United States District Court for the District of Colorado.

To award damages against Internet Archive, for copyright infringement, vicarious copyright infringement and contributory copyright infringement or, in lieu thereof, should Shell elect an award of statutory damages, pursuant to 17 U.S.C. § 504(c) against Internet Archive, to be increased to the maximum permitted by law, for each act of willful, copyright infringement, vicarious copyright infringement and contributory copyright infringement;

To award actual damages and treble damages against Internet Archive, Brewster Kahle, Kathleen Burch and Rick Prelinger, jointly and severally, for engaging in a pattern of racketeering activity;

To award actual and treble damages against Internet Archive for civil theft/conversion;

To award actual damages for breach of contract;

To award punitive damages pursuant to state statutory or common law;

To enjoin Internet Archive, Brewster Kahle, Kathleen Burch and Rick Prelinger, from all future copyright infringement and theft of intellectual property;

To order Divestiture pursuant to 18 U.S.C. §1964;

To award prejudgment interest;

To award all costs of litigation incurred by Shell, including her reasonable attorneys' fees and experts' fees;

To provide Shell with opportunity to correct deficiencies or errors associated with her pro se pleadings in the interests of justice;

To award such other and further relief as the Court deems just and equitable.

9.   ADR:

The parties thus far have been unable to reach a settlement but would be willing to submit to mediation. The parties have complied with Civil L.R. 16-8(b).

10. <u>Magistrate Judge Trials</u>:

The parties do not consent to the assignment of a magistrate judge for trial.

11. <u>Proposed Deadlines and Court Dates</u>:

**Internet Archive's Position:**

| | |
|---|---|
| September 1, 2006: | Fact discovery cut-off |
| September 6, 2006: | Opening Expert Reports due |
| September 29, 2006: | Rebuttal Expert Reports due |
| October 27, 2006: | Expert discovery cut-off |
| December 14, 2006: | Dispositive motion cut-off |
| March 19, 2007: | Pretrial Conference |
| March 26, 2007: | Trial |

Internet Archive anticipates trial will last 12-16 days, on Judge White's schedule of Monday through Thursday from 8:30 a.m. to 1:30 p.m. daily. Internet Archive anticipates that it will call approximately 6 fact witnesses and 2 expert witnesses, and cannot estimate at this time how many exhibits will be needed. The parties have not reached a stipulation regarding a narrowing of the issues for trial. In light of Shell's jury demand, this case will be tried by jury.

**Shell's position:**

Shell accepts Internet Archives' position on deadlines with the following additions:

Disclosures deadline (May 29?) to include Internet Archive's disclosures of its expert witnesses

21 days later (June 18?), Shell's disclosures of rebuttal expert witnesses

Sept. 6 - Internet Archive Opening Expert Reports due

Sept. 27 - Rebuttal Expert Reports due

Oct. 27 - Internet Archive Expert discovery cutoff

Nov. 17 - Rebuttal Expert discovery cutoff

Shell cannot yet determine how many fact or expert witnesses will be required for her case.

12. <u>Current Service List for All Counsel</u>:

Kenneth B. Wilson
  kwilson@perkinscoie.com
Stefani E. Shanberg
  sshanberg@perkinscoie.com
Michael H. Rubin
  mrubin@perkinscoie.com
Sarah E. Piepmeier
  spiepmeier@perkinscoie.com
Lila I. Bailey
  lbailey@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, Third Floor
San Francisco, California 94107-1909
Telephone:   (415) 344-7000
Facsimile:   (415) 344-7050

Suzanne Shell, pro se defendant
14053 Eastonville Road
Elbert, CO 80106
Telephone:   (719) 749-2971
Facsimile:   (719) 749-2972

13.   <u>Other Matters</u>:

All matters addressed by Civil Local Rule 16-10 have been addressed.

14.   <u>Recusal Issues</u>:

Internet Archive complied with Civil Local Rule 3-16 by attaching its Certification of Interested Entities or Persons to its Complaint on January 20, 2006. Further, pursuant to the Court's Recusal Order, the parties hereby state that the law firm, Orrick, Herrington & Sutcliffe,

///
///
///
///
///
///
///
///
///

1  LLP did not serve as counsel in the matter-in-suit in this action prior to January 1, 2003.  The
2  parties know of no other ground for recusal.
3
4  DATED: May 2, 2006                    **PERKINS COIE LLP**
5
6                                        By: _/s/ Michael H. Rubin_
                                             Michael H. Rubin
7
8                                        Attorneys for Plaintiff and Counterclaim Defendant
                                         INTERNET ARCHIVE
9
10 DATED: May 3, 2006                    By: _/s/ Suzanne Shell_
                                             Suzanne Shell
11
12                                       Pro Se, Defendant and Counterclaimant