1    KENNETH B. WILSON, State Bar No. 130009
     kwilson@perkinscoie.com
2    STEFANI E. SHANBERG, State Bar No. 206717
     sshanberg@perkinscoie.com
3    MICHAEL H. RUBIN, State Bar No. 214636
     mrubin@perkinscoie.com
4    LILA I. BAILEY, State Bar No. 238918
     lbailey@perkinscoie.com
5    PERKINS COIE LLP
     180 Townsend Street, Third Floor
6    San Francisco, California 94107-1909
     Telephone:    (415) 344-7000
7    Facsimile:     (415) 344-7050

8    Attorneys for Plaintiff and Counterclaim-Defendant
     INTERNET ARCHIVE

9

10    Suzanne Shell, *pro se*
     dsshell@ix.netcom.com
     14053 Eastonville Road
11    Elbert, CO 80106
     Telephone:    (719) 749-2971
12    Facsimile:     (719) 749-2972

13    Defendant and Counterclaimant
     SUZANNE SHELL

14

15            **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17            **SAN FRANCISCO DIVISION**

18

19    INTERNET ARCHIVE,
     a California 501(c)(3) non-profit organization,    CASE NO.: C 06 0397 JSW

20           Plaintiff,                 **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

21           v.

22    SUZANNE SHELL,
     a Colorado resident,

23

24           Defendant.

25    AND RELATED COUNTERCLAIMS

26

27         Plaintiff and Counterclaim Defendant Internet Archive ("Plaintiff" or "Internet Archive")

28    and Defendant and Counterclaimant Suzanne Shell ("Defendant" or "Shell") jointly submit this

FILED

06 MAY 15 AM 11: 56

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

1    Joint Case Management Statement pursuant to Federal Rules of Civil Procedure 16 and 26, the

2    Civil Local Rules of the Northern District of California, and this Court's Standing Order.

3           1.     <u>Jurisdiction</u>:

4         The parties agree that this Court has subject matter jurisdiction over the claims at issue

5    pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction and proper venue are disputed

6    by Shell.

7           2.     <u>Brief Description of the Case and Defenses</u>:

8       **Internet Archive's Description:**

9         As detailed in numerous documents already filed with the Court, Internet Archive is a non-

10    profit organization that was founded in 1996 to build an Internet library located at

11    www.archive.org. Internet Archive's goal is to provide permanent access for researchers,

12    historians, and scholars to the ephemeral content of the digital world through its Wayback

13    Machine, which can be used to access over 55 billion Web pages stretching back ten years.

14         In an effort to accommodate those Web site authors who do not want a historical record

15    made of their sites, Internet Archive provides information on its Web site advising Web site

16    owners how to remove sites from the historical archives. Internet Archive also removes material

17    from the Wayback Machine upon request from a Web site's author or publisher.

18         Internet Archive's dispute with Shell began in earnest on December 12, 2005, when Shell

19    demanded that all copies of her www.profane-justice.org Web site be removed from Internet

20    Archive's Wayback Machine and threatened to sue Internet Archive for actual and/or statutory

21    damages. Internet Archive followed its normal procedures and promptly removed Shell's Web

22    site. That proved insufficient for her, though. Shell continued to threaten to sue Internet Archive

23    if it refused to satisfy her demand for monetary compensation. On several occasions, Internet

24    Archive explained that it was a non-profit organization and would be unable to meet any demand

25    for payment. This back and forth continued through correspondence and conversations over the

26    course of five weeks, with Shell threatening litigation consistently. It eventually became apparent

27    to Internet Archive that an amicable resolution would be impossible.

28

1         As a result of Shell's statements, demands, threats of litigation, and litigious reputation,

2 Internet Archive filed the present suit for a declaratory relief of copyright non-infringement on

3 January 20, 2006.  On March 10, 2006, Shell filed her first responsive pleading in the form of an

4 answer, plus her original counterclaims for copyright infringement, breach of contract, civil

5 theft/conversion, and RICO violations.  As set forth below, Internet Archive has moved to dismiss

6 Shell's counterclaims breach of contract, civil theft/conversion, and RICO violations.  Internet

7 Archive believes that it is licensed and/or has made fair use of any copy made of Shell's work, to

8 the extent that she actually authored the work or that it is copyrightable in the first place.

9 **Shell's Description:**

10         Shell is a political activist, writer and publisher, and the original author of the literary

11 content contained on the web site www.profane-justice.org. This web site is registered with the

12 U.S. Copyright office. This web site is her online business presence, where she makes her original

13 literary works available to the public for viewing and offers licensing the rights to obtain

14 permanent copies. This licensing scheme is published on each .htm/.html page of her web site with

15 a hyperlink to a copyright/security agreement page which details the full terms of the licensing

16 scheme. Shell exercised her rights to exploit her property as she saw fit for legitimate reasons.

17 Internet Archive possess no especial exclusion from the terms she established regarding the use of

18 her property.

19         Internet Archive surreptitiously, covertly, secretly and without notice to her and without

20 seeking or obtaining her permission, sought and acquired  87 versions of her entire web site

21 between 1999 and 2005 and reproduced and distributed no less than 3 permanent copies of those

22 versions to its permanent storage facilities. It also made her entire inventory of online literary

23 content available to public view on its Wayback Machine in competition with her own web site

24 without providing any protections against any user making permanent copies or distributing the

25 content. Shell asserts that Internet Archive had a duty to seek her permission before copying,

26

27

28

- 3 -

distributing and displaying her intellectual property. She also asserts it obtained the copies of her

property illegally and breached the published licensing terms when it did not prepay the published

fees for the permanent copies it acquired and reproduced. Neither did Internet Archive negotiate

for a licence fee reduction or waiver before acquiring the property. Even though Internet Archive is

a 501(c)(3) non profit, it still obtains financial benefit from its use of Shell's property, in part by

not paying for its acquisition of her property.

Shell asserts that Internet Archive made impermissible use of her web site because it

obtained the property illegally , therefore the doctrines of unclean hands and equitable estoppel

preclude it from seeking relief from the court, and because its use exceeded fair use guidelines,

and because its use exceeded that legally permitted by an archive, and because it obtained and used

her property under fraudulent circumstances.

Arising out of Internet Archive's illegal acquisition and impermissible use, Shell also

alleges counterclaims of civil theft/conversion, breach of contract and Racketeering against

Internet Archive. She has also named Brewster Kahle, Rick Prelinger and Kathleen Burch as third

party defendants on the Racketeering claim, which is based on Federal RICO predicate acts of

criminal copyright infringement and mail and/or wire fraud and state predicates acts of computer

crimes and theft, causing damage to her property and business. The counter claims and third party

claims are not precluded by copyright law because they contain extra elements other than copying

and distributing.

3.   <u>Principal Legal Issues Which the Parties Dispute</u>:

The parties dispute the following:

(a)   whether Internet Archive infringed Shell's copyright in the www.profane-

justice.org Web site;

- 4 -

1        (b)     whether Shell can maintain a cause of action for breach of contract, civil

2                   theft, conversion, and/or racketeering against Internet Archive;

3        (c)     whether Internet Archive breached Shell's purported "Security Agreement";

4        (d)     whether Internet Archive has committed civil theft;

5        (e)     whether Internet Archive has committed conversion;

6        (f)     whether Internet Archive has violated the Racketeer Influenced and Corrupt

7                   Organizations Act;

8    Shell also claims:

9        (g)     the joinder of Brewster Kahle, Rick Prelinger and Kathleen Brewster as

10                   third party cross-claim defendants and Shell's third party claims against

11                   them.

12    4.     <u>Brief Description of Procedural History</u>:

13       On January 20, 2006, Internet Archive filed a Complaint for Declaratory Relief of

14 Copyright Non-Infringement.  On March 7, 2006, Shell filed her original Answer and Objection to

15 Venue and Counterclaims.  On March 11, 2006, Shell filed her First Amended Answer and

16 Objection to Venue and Counterclaims.  On March 31, 2006, Internet Archive filed its Motion to

17 Dismiss Shell's Counterclaims for breach of contract, civil theft and conversion, and racketeering.

18       On April 7, 2006, Shell filed a Motion to Transfer.  On April 10, 2006, Shell filed her

19 Second Amended Answer and Objection to Venue and Counterclaim and Third Party Claim, as

20 well as a Motion to Amend.  On April 17, 2006, Shell filed a Motion to Strike Internet Archive's

21 Motion to Dismiss.  On April 20, 2006, Shell filed her Response to Internet Archive's Motion to

22 Dismiss and a Motion to Appear Telephonically at the hearing scheduled for May 19, 2006.  On

23 April 27, 2006, Internet Archive filed its Opposition to Shell's Motion to Transfer and its

24 Opposition to Shell's Motion to Amend.

25       Internet Archive's Motion to Dismiss, Shell's Motion for Leave to Amend, and Shell's

26 Motion to Transfer are all scheduled to be heard by this Court on May 19, 2006 at 9:00 a.m.

27

28

5.     Scope of Discovery to Date:

The parties have not conducted any formal discovery, although Internet Archive has requested expedited jurisdictional discovery should this Court find that Shell has preserved her personal jurisdiction objections.  The parties intend to serve Initial Disclosures within ten (10) days of the Case Management Conference.

6.     Discovery Plan:

The parties do not believe that any deviation from the standard discovery procedures provided in the Federal Rules of Civil Procedure will be required.

7.     Motions:

**Internet Archive's Position:**

At this time, Internet Archive expects that the motions that might arise will be a further motion to dismiss if Shell's Motion to Amend is granted, any motions made in the context of discovery enforcement, and a potential dispositive motion.

**Shell's position:**

At this time, Shell expects that motions that might arise, a possible motion for a new judge in the event this case is not transferred to Colorado due to the presiding judge's inability to have full day trials which would substantially increase the cost of litigating this trial long distance,  any motions made in the context of discovery enforcement, and any potential dispositive motions.

8.     Relief Sought:

**Internet Archive's Relief Requested:**

Internet Archive seeks a declaration of copyright noninfringement, as well its costs incurred in this action, together with its reasonable attorneys' fees.

**Shell's Relief Requested:**

To deny Internet Archive's demand for declaration of copyright non-infringement and deny it's request attorney fees and costs;

To join  Brewster Kahle, Kathleen Burch and Rick Prelinger to this action on the third party claims;

1     To transfer this case to the United States District Court for the District of Colorado.

2     To award damages against Internet Archive, for copyright infringement, vicarious

3  copyright infringement  and contributory copyright infringement or, in lieu thereof, should Shell

4  
5  elect an award of statutory damages, pursuant to 17 U.S.C. § 504(c) against Internet Archive, to be

6  increased to the maximum permitted by law, for each act of willful, copyright infringement,

7  vicarious copyright infringement  and contributory copyright infringement;

8     To award actual damages and treble damages against Internet Archive, Brewster Kahle,

9  Kathleen Burch and Rick Prelinger, jointly and severally, for engaging in a pattern of racketeering

10  activity;

11  
12     To award actual and treble damages against Internet Archive for civil theft/conversion;

13     To award actual damages for breach of contract;

14     To award punitive damages pursuant to state statutory or common law;

15     To enjoin Internet Archive, Brewster Kahle, Kathleen Burch and Rick Prelinger, from all

16  future copyright infringement and theft of intellectual property;

17  
18     To order Divestiture pursuant to 18 U.S.C. §1964;

19     To award prejudgment interest;

20     To award all costs of litigation incurred by Shell, including her reasonable attorneys' fees

21  and experts' fees;

22     To provide Shell with opportunity to correct deficiencies or errors associated with her pro

23  se pleadings in the interests of justice;

24  
25     To award such other and further relief as the Court deems just and equitable.

26    9.    <u>ADR</u>:

27     The parties thus far have been unable to reach a settlement but would be willing to submit

28  to mediation.  The parties have complied with Civil L.R. 16-8(b).

- 7 -

10.     <u>Magistrate Judge Trials</u>:

The parties do not consent to the assignment of a magistrate judge for trial.

11.     <u>Proposed Deadlines and Court Dates</u>:

**Internet Archive's Position:**

     September 1, 2006:    Fact discovery cut-off

     September 6, 2006:    Opening Expert Reports due

     September 29, 2006:   Rebuttal Expert Reports due

     October 27, 2006:     Expert discovery cut-off

     December 14, 2006:    Dispositive motion cut-off

     March 19, 2007:       Pretrial Conference

     March 26, 2007:       Trial

Internet Archive anticipates trial will last 12-16 days, on Judge White's schedule of Monday through Thursday from 8:30 a.m. to 1:30 p.m. daily.  Internet Archive anticipates that it will call approximately 6 fact witnesses and 2 expert witnesses, and cannot estimate at this time how many exhibits will be needed.  The parties have not reached a stipulation regarding a narrowing of the issues for trial.  In light of Shell's jury demand, this case will be tried by jury.

**Shell's position:**

Shell accepts Internet Archives' position on deadlines with the following additions:

Disclosures deadline (May 29?) to include Internet Archive's disclosures of its expert witnesses

21 days later (June 18?), Shell's disclosures of rebuttal expert witnesses

Sept. 6 - Internet Archive Opening Expert Reports due

Sept. 27 - Rebuttal Expert Reports due

Oct. 27 - Internet Archive Expert discovery cutoff

Nov. 17 - Rebuttal Expert discovery cutoff

Shell cannot yet determine how many fact or expert witnesses will be required for her case.

- 8 -

1       12. <u>Current Service List for All Counsel</u>:

2    Kenneth B. Wilson

3      kwilson@perkinscoie.com
   Stefani E. Shanberg

4      sshanberg@perkinscoie.com
   Michael H. Rubin

5      mrubin@perkinscoie.com
   Sarah E. Piepmeier

6      spiepmeier@perkinscoie.com

7    Lila I. Bailey
     lbailey@perkinscoie.com

8    PERKINS COIE LLP
   180 Townsend Street, Third Floor

9    San Francisco, California  94107-1909
   Telephone:     (415) 344-7000

10    Facsimile:      (415) 344-7050

11    Suzanne Shell, pro se defendant
   14053 Eastonville Road

12    Elbert, CO 80106
   Telephone:     (719) 749-2971

13    Facsimile:      (719) 749-2972

14       13.     <u>Other Matters</u>:

15       All matters addressed by Civil Local Rule 16-10 have been addressed.

16    14.     <u>Recusal Issues</u>:

17       Internet Archive complied with Civil Local Rule 3-16 by attaching its Certification of

18 Interested Entities or Persons to its Complaint on January 20, 2006.  Further, pursuant to the

19 Court's Recusal Order, the parties hereby state that the law firm, Orrick, Herrington & Sutcliffe,

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  LLP did not serve as counsel in the matter-in-suit in this action prior to January 1, 2003.  The

2  parties know of no other ground for recusal.

3

4  DATED: May 2, 2006                     **PERKINS COIE LLP**

5

6                                         By: _____
                                              Michael H. Rubin
7

8  Attorneys for Plaintiff and Counterclaim Defendant
   INTERNET ARCHIVE

9

10 DATED: May 3, 2006                     By: _____
                                              Suzanne Shell
11

12 Pro Se, Defendant and Counterclaimant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                     CASE NO.: C 06 0397 (JSW)