THIS CERTIFIED COPY IS A PERMANENT RECORD OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO

Case No. 06-cv-01726-LTB-CBS
_____

INTERNET ARCHIVE,

      Plaintiff,

vs.

SUZANNE SHELL,

      Defendant.
_____

          Proceedings before CRAIG B. SHAFFER, United States
Magistrate Judge, United States District Court for the
District of Colorado, commencing at 4:00 p.m., November 1,
2006, in the United States Courthouse, Denver, Colorado.
_____

          WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
_____

                           APPEARANCES
          KENNETH B. WILSON, Attorney at Law, appearing
telephonically for the plaintiff.
          SUZANNE SHELL, the defendant herein, appearing Pro
Se.
_____

                       STATUS CONFERENCE
```

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119         FAX 303-893-8305



P R O C E E D I N G S

(Whereupon, the within electronically recorded proceedings are herein transcribed, pursuant to order of counsel.)

THE CLERK: All rise. Court is in session.

THE COURT: Please have a seat. All right. We're on the record in -- this is Internet Archive versus Shell. This is 06-cv-1726. We're here for a status conference. Who's on the telephone?

MR. WILSON: Good afternoon, Your Honor. Ken Wilson from Perkins Coie on behalf of plaintiff Internet Archive.

THE COURT: Okay. I'll -- anyone else on the phone?

MR. WILSON: No, Your Honor.

THE COURT: All right. I'll take appearance of defendant.

MS. SHELL: Suzanne Shell representing myself.

THE COURT: All right. And, Ms. Shell, is it your intention to continue to represent yourself in this case?

MS. SHELL: Well, unless someone magically comes forward to take the case for me. There's lots of attorneys willing to, but they all want a lot of money up front.

THE COURT: And, unfortunately, I don't have the power to force somebody --

1  MS. SHELL: I understand that.

2  THE COURT: -- to step in.

3  All right, folks. I set this matter for a status
4  conference because, as you both know, in August of 2006 this
5  case was transferred here from the Northern District of
6  California, and I thought it would be worthwhile for us to
7  get together so that I could get a sense of what's going on
8  and how you two see the case.

9  I know I've got a motion to amend, and I'll talk
10  about that in a second, but bring me up to speed. How much,
11  if anything, have you gotten done while you were in
12  California?

13  MR. WILSON: Virtually nothing, Your Honor. We --
14  there was a little bit of motion practice but nothing was
15  resolved. Ms. Shell moved to dismiss that case for improper
16  venue. She filed some counterclaims which the Archive moved
17  to dismiss under 12(b)(6). The judge issued an order in
18  which he deferred ruling on any of the motions but
19  authorized us to take some jurisdictional discovery. We
20  took the discovery and concluded that we would be better off
21  simply moving the case to Colorado rather than continuing to
22  fight that issue. And so aside from a very small amount of
23  jurisdictional discovery, nothing else has happened in that
24  case.

25  THE COURT: All right. So it sounds like what we

1    need to do is you're going to have to -- we're going to have
2    to have a scheduling conference here, and I need to set up
3    some pretrial deadlines.  Does everyone agree?
4            MR. WILSON:  I think that's right, Your Honor.
5    And, you know, right now -- as you may have noticed, we
6    didn't -- we didn't oppose the motion for leave to file the
7    amended complaint.  It appeared to us as though that
8    amendment was largely a ministerial amendment.  We are going
9    to need to refile our motion to dismiss the counterclaims,
10   at any rate, and so we're happy for her to get leave to file
11   those counterclaims so that we can move forward and, you
12   know, try to get them resolved one way or the other.
13           THE COURT:  All right.  So to the extent that there
14   is this refiling of motion to amend, apparently that motion
15   is not opposed.  You do not oppose Ms. Shell's motion to
16   amend, is that correct?
17           MR. WILSON:  That's correct, Your Honor.
18           THE COURT:  All right.  Well, we'll go ahead and
19   grant that motion then.  For the record, I am referring to
20   document 9, which is defendant's motion to amend, correct
21   and modify answer to complaint and counterclaims.  That
22   motion is granted.  The amended answer and counterclaims
23   will be deemed filed as of today.
24           Now, Ms. Shell, you're going to have to take
25   responsibility for serving these third-party defendants,

5

1   unless --

2           MS. SHELL: I understand that.

3           THE COURT: -- Mr. Wilson accepts service on their
4   behalf, and I'm not going to force him to make a decision
5   one way or the other.

6           MS. SHELL: I understand.

7           THE COURT: But you'll have to serve them, and,
8   obviously, whatever motions they've got, they'll weigh in in
9   the middle of that fight, too.

10          When can you folks have a scheduling order
11  submitted to me?

12          MR. WILSON: Let me ask this, Your Honor. Does it
13  make sense to do it before or after we have the viability of
14  the counterclaims decided?

15          THE COURT: Well, I mean, I guess -- the problem
16  I've got is this, and I don't have an easy answer. I will
17  tell you, Ms. Shell, just as a person who has been a judge
18  for six years and a lawyer for 28 years, I have actually
19  tried cases where people have brought racketeering claims,
20  I can tell you from personal experience they're exceedingly
21  difficult. They inevitably spawn an awful lot of motion
22  practice. They get very, very acrimonious. That's not to
23  say you can't pursue -- I mean, you can pursue those claims
24  as far as the law allows you. I simply want to tell you
25  that much like Mae West, you've signed yourself up for a

6

1   very bumpy ride.

2           This is not an area of the law that's easy to
3   digest, and it is going to be very tricky.  And I'm not
4   saying that to be insulting, I'm really -- I'm just trying
5   to sort of let you know that, you know, if -- this is the
6   practical reality, to sort of respond to your question, Mr.
7   Wilson.

8           If you file motions challenging the counterclaims
9   today, I have no way of knowing when those would be decided.
10  But I know how busy Chief Judge Babcock is, and I suspect
11  you folks will be waiting for some time.

12          MR. WILSON: And, Your Honor, just -- just to be
13  clear, I think that the counterclaims will be challenged on
14  the merits.  I also suspect that the individuals will --
15  I've not spoken to them, but I suspect that they will
16  challenge at least some of them on personal jurisdiction
17  grounds.

18          THE COURT: I would assume they probably would.
19  That's sort of par for the course.  Once they were picked up
20  and -- once the case was picked up here and brought to
21  Colorado, then to the extent that those people are outside
22  the state of Colorado, inevitably people raise personal
23  jurisdiction.

24          So, you know, all I'm saying, folks, is this is
25  the dilemma you have.  You're certainly free to fight for as

1   long as the law allows you.  I don't have any problem with
2   that.  I will tell you that this is a case where you're
3   going to be fighting for quite some time.  So this may be
4   the very best opportunity for everybody to take a deep
5   breath, take two steps back, take what is already an ugly
6   situation and try to figure out how to make it better.
7   Otherwise, you're simply going to take an ugly situation and
8   expand the ugliness by a function of tenfold.  There is no
9   other way to decipher the future.
10           So, at this point, I guess it would be my
11  inclination, frankly, for you folks to put together a
12  scheduling order.  Now, you all can stay discovery or
13  somebody can file a motion to stay discovery and I'll take
14  it up in due course, but, candidly, I think this is a case
15  that you folks should want to settle.  Now, you may not be
16  able to, but it would be my hope that if you had to go
17  through the trouble of putting together a scheduling order,
18  you might sort of take a fresh look at other ways of
19  resolving your disputes.  That's -- that's my motivation.
20  I think you folks need to take a -- sort of a cold, hard
21  look at the future and realize this is not in anybody's best
22  interest.
23           MR. WILSON:  Well, Your Honor, I'm happy to
24  undertake the initial -- first of all, I'm happy to talk to
25  Ms. Shell about ways to try to resolve this.  The Archive

8

did talk to her before suit was filed and were unable to make progress, which is why we wound up in this mess right now, but I'm happy to undertake that, and I'm happy to embark on the preparation of the scheduling order, if that's what you think is in the best interest of the case at this point.

THE COURT: I mean, my sense is, yeah, I'd like you folks to submit a scheduling order. And, you know, when we have a scheduling conference, we can talk about whether a stay is appropriate and a stay of what type and what duration, but I'd at least like to get this thing moving to see where we stand.

So how much time do you folks need to put together the scheduling order, given everything else that's going on in this case?

MR. WILSON: I'd say -- let me -- Your Honor, I'd say probably two or three weeks.

THE COURT: Well, two or three weeks is going to get us into late November. That's not a problem, per se, except for my -- the fact that my calendar is pretty crowded. I could have a -- right now I could have a scheduling conference for -- or on November 22nd. The problem is, I think -- that's Thanksgiving, so forget that.

MR. WILSON: Yeah.

THE COURT: You guys -- you guys would be stranded

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119        FAX 303-893-8305

1   at the airport.

2   MR. SHELL: Your Honor, we have something scheduled

3   on December 20th.

4   MR. WILSON: That's right, Your Honor, we do. I

5   think we do have a scheduling conference scheduled in the

6   case.

7   THE COURT: Ellen, what -- on December 20th?

8   MR. WILSON: Yeah.

9   THE COURT: Let me see. Yeah, you do. All right.

10  We'll keep that then, December 20 at 8:30. I will -- I

11  suspect -- yeah, my staff has told you you need to submit a

12  proposed scheduling order by December 13.

13  MR. WILSON: Okay.

14  THE COURT: So we'll keep that. The only thing I

15  would suggest, again, folks, is between now and December

16  20th, I would seriously explore ways to resolve your

17  dispute.

18  MR. WILSON: Okay.

19  THE COURT: All right. This is just going to be

20  ugly.

21  MR. WILSON: We will take your admonition to heart,

22  Your Honor.

23  THE COURT: Anything else we can talk about?

24  MR. WILSON: Nothing that I can think of, Your

25  Honor.

1    MS. SHELL: I can't think of anything.

2    THE COURT: All right.  I appreciate you calling in, Mr. Wilson.  Ms. Shell, I appreciate you coming in. I'll see you on the 20th, and if there's something I can do to help between now and then, folks, don't hesitate to put together a conference call and give me a ring.

7    MR. WILSON: Okay.  Thank you very much.

8    MS. SHELL: Thank you, Your Honor.

9    THE COURT: What I would ask you to do, Ms. Shell, if you haven't done it, when you leave here, you need to go down to the clerk's office and get a copy of our local rules.  As a pro se litigant, you'll be bound by those local rules the same way Mr. Wilson is, so you need to pick up a copy, okay?

15   MS. SHELL: Thank you.

16   THE COURT: Thanks, folks.

17   MR. WILSON: Thank you.

18   THE CLERK: All rise.  Court is in recess.

20   (Whereupon, the within hearing was then in conclusion at 4:11 p.m. on November 1, 2006.)

23   I certify that the foregoing is a correct transcript, to the best of my knowledge and belief, from the record of proceedings in the above-entitled matter.

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO   80203
303-825-6119         FAX 303-893-8305

1  _Bonnie Nkolas_    _11-15-06_
2  Signature of Transcriber    Date
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119     FAX 303-893-8305