IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  06-cv-01726-LTB-CBS

---

INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,

      Plaintiff and Counterclaim Defendant,

v.

SUZANNE SHELL, a Colorado resident,

      Defendant and Counterclaimant.

---

## INTERNET ARCHIVE'S OPPOSITION TO SHELL'S MOTION TO AMEND SCHEDULING ORDER

### Introduction

    Ms. Shell's Motion to Amend Scheduling Order ("Motion") is an unnecessary exercise in motion practice and a waste of the Court's resources.  The only appropriate relief Ms. Shell's Motion seeks—negotiation and filing of an Amended Scheduling Order—is something that Internet Archive offered to her prior to her even mentioning that she intended to file her Motion. Internet Archive is compelled to respond here only because the Motion sets forth a number of representations that are simply not accurate and impute to Internet Archive and its attorneys motives they have never had.  The Motion arises from an apparent miscommunication and the parties should be left to their own devices to resolve it.  Court intervention is simply not needed where both Internet Archive and Ms. Shell are willing to work to amend the Scheduling Order. Accordingly, Ms. Shell's Motion should be denied in its entirety.

Dockets.Justia.com

## Argument

This Court's Local Rules impose upon the parties a duty to confer and make a reasonable, good faith effort to resolve any disputed matter before bringing a motion.  D.C.COLO.LCivR 7.1.  While Internet Archive did that as soon as this issue came to its attention, Ms. Shell did not.  Internet Archive offered to continue discussions with Ms. Shell to resolve the substantive matters her Motion raises, but she nonetheless insisted on seeking Court intervention because her motion was "already written."  [Declaration of Lila I. Bailey, ("Bailey Decl.") ¶ 3.]  This is inappropriate, especially here where Internet Archive had already offered Ms. Shell the only reasonable relief sought by her Motion.

Moreover, while Ms. Shell styles her Motion as "unopposed" and goes on to state that that Internet Archive does not oppose her Motion, that is not correct.  Internet Archive did tell Ms. Shell that it could not oppose the *filing* of her motion (but that it was a waste of time and effort), but since Ms. Shell did not once advise Internet Archive what relief she intended to seek by way of the Motion, Internet Archive could not have agreed to the relief she was seeking or the merits of her Motion.  Further, Internet Archive certainly would not have agreed to the entry of sanctions against it for what was, at worst, a misunderstanding.

Ms. Shell also purports that the parties disagree as to the amendments that need to be made to the Scheduling Order.  Prior to the filing of her Motion, however, Internet Archive's Counsel offered to attempt to resolve these disagreements informally, explaining that although it did not agree with the statements as set forth in Ms. Shell's "undisputed facts" section of the Order, it was willing to discuss the matter further to try to find common ground.  [Bailey Decl., ¶ 2].  Again, Ms. Shell refused to continue any discussions, stating that she would prefer to file her

INTERNET ARCHIVE'S OPPOSITION TO SHELL'S                                    06-cv-01726-LTB-CBS
MOTION TO AMEND SCHEDULING ORDER

Motion since it was "already written." [Bailey Decl., ¶ 3].

Further, Ms. Shell claims that she did not authorize her signature to be affixed to the Scheduling Order. During the course of the preparation of the Scheduling Order, Ms. Shell did not once explain that she wished to see the document after she had submitted her sections, though the parties had several telephone conversations and exchanged a number of emails while preparing and finalizing the document. When the parties first discussed the process for drafting the Scheduling Order, Internet Archie's Counsel proposed the following: "I would be happy to prepare the first draft and send it to you for your additions and signature. Once it's complete, I can e-file it." [Bailey Decl., ¶ 4]. Ms. Shell accepted this proposal without modification. [Id.] Accordingly, Counsel understood that Ms. Shell had authorized her signature when she sent her draft.

Moreover, when Counsel sent the draft Scheduling Order to Ms. Shell, Counsel specifically stated: "Please add in your sections and return it to me as soon as possible ... so I can finalize the document and file it with the court." [Bailey Decl., ¶ 5]. At no point in this process did Ms. Shell suggest that she had any interest in seeing another version of the document.[1] Accordingly, Counsel was not aware that Ms. Shell had any expectation that Counsel would send her another version of the document before it was filed, and believed that when Ms. Shell sent her draft, she had authorized Internet Archive to file the Order on her behalf in compliance with D.C. Colo. ECF. Proc.V.C.5. It is this simple miscommunication that has lead to the filing of her premature and unnecessary Motion.

---

[1]     Ms. Shell did eventually ask counsel whether she was going to see the Order again, but that email was sent at 5:56 p.m. (Pacific Time) — only *after* the Scheduling Order had already been filed with the Court. [Bailey Decl., ¶ 6].

INTERNET ARCHIVE'S OPPOSITION TO SHELL'S                    06-cv-01726-LTB-CBS
MOTION TO AMEND SCHEDULING ORDER

## Conclusion

Beyond the unreasonable request for sanctions, the relief Ms. Shell seeks is the relief she has already been offered by Internet Archive: submission of an Amended Scheduling Order. Counsel for Internet Archive is willing to engage in further meet and confer discussions to attempt to resolve any disagreements with respect to the facts at issue in the case and the other matters she raised in the Motion, as it has already informed Ms. Shell and as the Local Rules require.

Accordingly, Internet Archive respectfully requests that the Court deny Ms. Shell's Motion. The parties are able to meet and confer again to amend the Scheduling Order without Court intervention.

Respectfully submitted,

Date: January 5, 2007

s/ Lila I. Bailey
KENNETH B. WILSON
STEFANI E. SHANBERG
MICHAEL H. RUBIN
LILA I. BAILEY
PERKINS COIE LLP
4 Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone:     (415) 344-7000
Facsimile:     (415) 344-7050
Email:         kwilson@pekrinscoie.com

Attorneys for Plaintiff and Counterclaim-Defendant
INTERNET ARCHIVE

INTERNET ARCHIVE'S OPPOSITION TO SHELL'S
MOTION TO AMEND SCHEDULING ORDER

06-cv-01726-LTB-CBS