IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01726-LTB-CBS

INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,

    Plaintiff and Counterclaim Defendant,

v.

SUZANNE SHELL, a Colorado resident,

    Defendant and Counterclaimant.

# SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling and Planning Conference is scheduled to occur on January 10, 2007. Kenneth B. Wilson of Perkins Coie, LLP, Four Embarcadero Center, Suite 2400, San Francisco, CA 94111, phone number (415) 344-7000, is expected to appear on behalf of plaintiff Internet Archive, which is also represented by Stefani E. Shanberg, Michael H. Rubin, and Lila I. Bailey at the same firm, address and phone number. These attorneys will also represent counterclaim defendants Brewster Kahle, Rick Prelinger and Kathleen Birch, although they have not yet appeared in this action. Defendant Suzanne Shell will appear on her own behalf.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

This Court has jurisdiction over Ms. Shell's state law counterclaims pursuant to 28

1

U.S.C. § 1367, to the extent that such claims are not preempted by the Copyright Act.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:

Internet Archive is a non-profit organization that was founded in 1996 to build an Internet library located at www.archive.org. Internet Archive's goal is to provide permanent access for researchers, historians, and scholars to the ephemeral content of the digital world through its Wayback Machine, which can presently be used to access a library of over 55 billion Web pages stretching back ten years. These Web pages are freely made available to the public at large by their authors or publishers prior to being archived by Internet Archive. However, in an effort to accommodate those website authors who do not want a historical record made of their sites, Internet Archive provides information on its website advising website owners how to remove sites from the historical archives, and removes material from the Wayback Machine upon request from a website's author or publisher.

Prior to December 2005, Internet Archive obtained archival copies of various pages from Ms. Shell's profane-justice.org Web site, and made such copies available through its Wayback Machine. On December 12, 2005, Ms. Shell demanded that all such copies be removed from Internet Archive's Wayback Machine, and Internet Archive promptly accommodated Ms. Shell's request by removing the pages. Nonetheless, Ms. Shell threatened to sue Internet Archive for copyright infringement (among other things) unless Internet Archive paid her a substantial sum of money, which threat led to the filing of this action.

In its Complaint, Internet Archive seeks a declaratory judgment that it did not violate Ms. Shell's copyright in various pages from her Web site (to the extent that she holds any valid copyright in such pages) by enabling the public to have access to archival copies of those pages. Specifically, Internet Archive seeks a judgment that its use of Ms. Shell's Web pages was authorized under the copyright "fair use" doctrine or, alternatively, that such use was permitted

under an implied license from Ms. Shell. These same arguments serve as the primary defenses to Ms. Shell's copyright infringement counterclaims.

As the Court is aware, Internet Archive has not yet answered Ms. Shell's counterclaims, because it has moved to dismiss all but the copyright infringement counterclaim based on failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion sets forth many of the bases for Internet Archive's defenses. In particular, on the breach of contract claim, Internet Archive contends that there was no contract formed with Ms. Shell; that the terms of any such contract are unenforceable; that Internet Archive did nothing to breach any contract it might have had with Ms. Shell; and that at any rate, the contract claim is preempted by the Copyright Act. With respect to the conversion claim, Internet Archive contends that it did not convert any property of Ms. Shell, and that any conversion or theft claim is preempted by the Copyright Act. And with respect to Ms. Shell's RICO claim, Internet Archive asserts that she cannot establish many of the material elements of such a claim.

In addition to these defenses, the individual defendants intend to move to dismiss Ms. Shell's counterclaims in their entirety for lack of personal jurisdiction, since they have no relevant contacts with the State of Colorado. That motion will be filed on or before the deadline for the individual defendants to respond to the Complaint, which has not been served on them to date.

    b.
Defendant:

### 4. UNDISPUTED FACTS

The following facts are undisputed:

- Internet Archive is a California 501(c)(3) non-profit organization located at The

Presidio of San Francisco, 116 Sheridan Ave., San Francisco, CA 94129. Internet Archive's

goal is to provide permanent access for researchers, historians, and scholars to the ephemeral content of the digital world through its Wayback Machine, which can presently be used to access a library of over 55 billion Web pages stretching back ten years.

- Suzanne Shell is an individual residing in El Paso County, Colorado.

- On December 12, 2005, Internet Archive received an email from Ms. Shell asserting ownership of the www.profane-justice.org website and complaining about its inclusion in the Wayback Machine.

- Internet Archive removed the www.profane-justice.org website from the Wayback Machine at Ms. Shell's request. ~~The www.profane-justice.org website is no longer available through the Wayback Machine.~~

- ~~Ms. Shell repeatedly threatened to sue Internet Archive if it was unwilling to offer her a monetary settlement.~~

- ~~Ms. Shell offers a reward in the form of a percentage of any payment received, or damages awarded to, anyone reporting copyright infringement of the materials posted on her www.profane-justice.org website.~~

### 5. COMPUTATION OF DAMAGES

Plaintiff Internet Archive is not seeking damages in this action, but it is seeking its costs incurred in this action along with reasonable attorney's fees pursuant to statute.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The 26(f) meeting took place on November 29, 2006.

b. Lila Bailey participated on behalf of Internet Archive. Suzanne Shell participated

on her own behalf.

c.  The parties do not propose any changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d.  The parties will make their 26(a)(1) disclosures on January 3, 2007, pursuant to this Court's November 29, 2006 Minute Order.

e.  The parties do not believe that any deviation from the standard discovery procedures provided in the Federal Rules of Civil Procedure will be required.

f.  It is likely that the claims and defenses in this litigation will involve electronically stored information.  At present, however, Internet Archive's Motion to Dismiss Ms. Shell's counterclaims is still pending.  As such, it is unclear what parties, claims and defenses will remain in the case.  Accordingly, the parties believe that any discussion regarding the nature and extent of electronic discovery is premature.  The parties have agreed to meet and confer once the Motion to Dismiss has been resolved to discuss this matter further.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:  The time to join parties or amend pleadings has already passed.

b.  Discovery Cut-off:  ~~May 25, 2007~~  **August 1, 2007**

c.  Dispositive Motion Deadline:  September 14, 2007

d.  Expert Witness Disclosure

(1)  Internet Archive has yet to determine the precise areas in which it will require expert testimony, but at this time believes it is likely to have experts testify regarding

5

various topics related to the Internet, digital works and Ms. Shell's alleged damages.

(2) The parties do not propose any limitations on the use or number of expert witnesses. **Each side is limited to five experts, absent a showing of good cause.**

(3) The parties shall designate all **affirmative** experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 1, 2007.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~June 22, 2007.~~ **July 16, 2007**

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

Internet Archive intends to depose Suzanne Shell on or around April 11, 2007.

f. Interrogatory Schedule:   **All written discovery must be served on or before June 27, 2007.**

Internet Archive intends to serve its First Set of Interrogatories on Ms. Shell on or around January 31, 2007. Ms. Shell would be required to respond on or around March 2, 2007.

g. Schedule for Request for Production of Documents: Internet Archive intends to serve its First Set of Requests for Production of Documents on Ms. Shell on or around February 14, 2007. Ms. Shell would be required to respond on or around March 16, 2007 **All written discovery must be served on or before June 27, 2007.**

h. Discovery Limitations: The parties do not propose any discovery limitations

beyond those set forth in the Federal Rules of Civil Procedure.  **Each side is limited to 25 requests under Rule 34 and Rule 36, absent a showing of good cause.**

### 9. SETTLEMENT

The parties hereby certify that they have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution.  The parties have discussed settlement on several occasions, the most recent being during the Rule 26(f) conference on November 29, 2006.  The parties were unable to reach a mutually agreeable settlement position but would be willing consider mediation at an appropriate time and place.

### 10.  OTHER SCHEDULING ISSUES

Internet Archive anticipates that trial will last approximately 6 to 8 days, with Chief Judge Babcock's current trial schedule of 8:30 a.m. to 5 p.m. daily.  The trial is to ~~the Court~~. **a jury**.

### 11.  DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on **March 23, 2007 at 1:30 pm**.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )  *Pro se* parties and attorneys only need be present.

( X )  *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X)  Each party shall submit a Confidential Settlement Statement to the magistrate

>    judge on or before March 16, 2007, outlining the facts and issues, as well as the strengths and weaknesses of their case.

> b.  Status conferences will be held in this case at the following dates and times:
> 
> _____
> 
> _____
> 
> c.  A final pretrial conference will be held in this case on **January 8, 2008 at 9:15 am.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause

DATED at Denver, Colorado, this 10th day of January, 2007.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

/s/ Kenneth B. Wilson
KENNETH B. WILSON
STEFANI E. SHANBERG
MICHAEL H. RUBIN
LILA I. BAILEY
PERKINS COIE LLP
4 Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Plaintiff and Counterclaim-
Defendant INTERNET ARCHIVE

/s/ Suzanne Shell
SUZANNE SHELL
14053 Eastonville Rd.
Elbert, CO 80106
Telephone: (719) 749-2971
Defendant, *Pro Se*