IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No.:  06-cv-01726-LTB-CBS

INTERNET ARCHIVE, a California 501(c)(3) non-profit organization,

    Plaintiff and Counterclaim Defendant,

v.

SUZANNE SHELL, a Colorado resident,

    Defendant and Counterclaimant.

v.

BREWSTER KAHLE, an individual,
RICK PRELINGER, an individual,
and
KATHLEEN BURCH, an individual

    Counterclaim Defendants

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS FOR
LACK OF PERSONAL JURISDICTION, AND FOR FAILURE TO STATE A CLAIM

### Introduction

    This Court previously dismissed Ms. Shell's racketeering counterclaims against the Internet Archive ("Internet Archive") because Ms. Shell failed to allege the necessary existence of a racketeering enterprise.  Now, Ms. Shell brings those very same claims, in the same form, against various directors of the Internet Archive, Brewster Kahle, Richard Prelinger and Kathleen Burch (collectively, the "Individual Defendants").  They fail for precisely the same reason, among others.

    As brought against the Individual Defendants, these racketeering counterclaims fail for the additional reason that this Court lacks personal jurisdiction over them.  Each of the Individual Defendants is a California resident and forcing them to litigate in a foreign forum to which they have no connection would violate Due Process and offend traditional

notions of fair play and substantial justice. Ms. Shell is well-versed in the standards of personal jurisdiction, having vigorously objected to being subjected to personal jurisdiction herself in California prior to the stipulated transfer of this case to Colorado. Nonetheless, Ms. Shell's Counterclaims are conspicuously devoid of even a single fact that would give this Court a basis to exercise jurisdiction over any one of the Individual Defendants.

In light of this, Internet Archive sought to avoid this motion by agreement, but was unsuccessful. After this Court dismissed the racketeering claims against Internet Archive in its February 13, 2007 Order ("Order"), Internet Archive requested that Ms. Shell consider withdrawing her parallel claims against the Individual Defendants, as those claims could not survive following the Court's decision. Internet Archive further explained that the Court cannot properly exercise jurisdiction over the Individual Defendants in Colorado, asking Ms. Shell to provide any information that might show otherwise. Despite providing no fact upon which personal jurisdiction in Colorado would be reasonable, Ms. Shell refused to withdraw her claims against the Individual Defendants. Accordingly, Internet Archive has been forced to bring this Motion to Dismiss Ms. Shell's Counterclaims on behalf of the Individual Defendants.

**Statement of Facts[1]**

Internet Archive brought its original declaratory relief action in the Northern District of California, where Internet Archive is located. Declaration of Michael H. Rubin in Support of the Individual Defendants' Motion to Dismiss ("Rubin Decl.") ¶ 3. Ms. Shell answered Internet Archive's Complaint on March 10, 2006 by filing an Answer and Objection to Venue and Counterclaims. Rubin Decl. ¶ 4. Subsequently, Ms. Shell filed two sets of amended pleadings, the second of which purported to add the Individual

---

[1] Internet Archive has detailed many of the facts explaining the background of this litigation in its initial Motion to Dismiss. Accordingly, only facts relevant to the instant Motion are set forth herein.

Defendants as parties with respect to her racketeering claims only. Rubin Decl. ¶¶ 5 and 8. Internet Archive moved to dismiss Ms. Shell's Counterclaims for breach of contract, civil theft and conversion, and racketeering and opposed the addition of the Individual Defendants as parties to the litigation. Rubin Decl. ¶ 6. Ms. Shell proceeded to file a host of motions in response, consistently objecting to the California court's exercise of jurisdiction over her. Rubin Decl. ¶¶ 7 and 8.

A number of these Motions were set to be heard on May 19, 2006. Rubin Decl. ¶ 9. On May 17, 2006, however, the California court vacated the hearing date and granted Internet Archive leave to take limited discovery related to personal jurisdiction over Ms. Shell in California. Rubin Decl. ¶ 10. After conducting limited jurisdictional discovery, Internet Archive and Ms. Shell stipulated to transfer the case to Colorado. In Paragraph 3 of the stipulation, Internet Archive expressly reserved "any objections to jurisdiction or venue in the United States District Court for the District of Colorado." Rubin Decl. ¶ 11.

On August 25, 2006, Internet Archive transferred its Complaint, and all of the pending motions referenced in the California Court's May 17, 2006 Order to this Court before the Individual Defendants had ever been added to the action and with all objections to jurisdiction expressly reserved. On October 6, 2006, Ms. Shell filed her Second Amended Answer and Counterclaim and Third Party Claim ("Counterclaims") along with her Motion to Amend, which was granted and deemed filed on November 1, 2006. Ms. Shell served her Counterclaims, along with a Notice of Waiver of Service on the Individual Defendants on December 27, 2006, thus officially adding the Individual Defendants to the instant litigation. Rubin Decl. ¶ 12.

Ms. Shell makes only the following factual showing as a basis for this Court's exercise of personal jurisdiction over the Internet Archive in Colorado:

> "Internet Archive purposefully availed itself of the privilege of acting in Colorado or of causing important consequences here; the cause of action arises from the consequences to Ms. Shell in Colorado of Internet Archive's activities; the activities of Internet

Archive or the consequences have a substantial enough connection with Colorado to make exercise of Colorado's jurisdiction over Internet Archive reasonable. Internet Archive transacted business in Colorado and committed tortious acts in Colorado, therefore, jurisdiction and venue is proper in Colorado." *See* Ms. Shell's Second Amended Answer and Counterclaim and Third Party Claim ("Counterclaim") ¶ 26.

Strikingly, there is not a single jurisdictional fact alleged that specifically relates to the Individual Defendants. Indeed, Ms. Shell cannot make a showing of personal jurisdiction here, as none of the Individual Defendants:

- resides or has ever resided in Colorado;
- owns or is affiliated with a company that does business in Colorado;
- owns property of any kind in Colorado;
- pays taxes in Colorado;
- maintains a bank account in Colorado;
- maintains a mailing address or telephone listing in Colorado;
- makes sales, directly or indirectly, specifically in Colorado;[2]
- advertises in Colorado, or otherwise attempts to serve the Colorado market; or
- has filed a lawsuit in Colorado.

Declaration of Kathleen Burch in Support of Individual Defendants' Motion to Dismiss ("Burch Decl.") ¶¶ 2-8, 10, 13, 15. Declaration of Brewster Kahle in Support of Individual Defendants' Motion to Dismiss ("Kahle Decl.") ¶¶ 2-3, 5-8, 10, 13-15, 17. Declaration of Richard Prelinger in Support of Individual Defendants' Motion to Dismiss ("Prelinger Decl.") ¶¶ 2-8, 10, 14, 17.

In the aggregate, the only contact the Individual Defendants have had with the State of Colorado is as follows: Mr. Kahle occasionally has contact with a Colorado attorney for purely personal financial services, and in relation to those personal services, owns a Limited Liability Partnership under the laws of Colorado that does no business in

---

[2] Ms. Burch does sell books through Amazon.com, but is not aware of any specific sales to anyone in Colorado. Burch Decl. ¶ 7.

the State; Kahle Decl. ¶ 10, in the late 1990s, Ms. Burch traveled to a spa in Aspen, Colorado; Burch Decl. ¶ 16, and Mr. Prelinger traveled to Aspen, Colorado in 1995 as a guest speaker in the educational program at the International Design Conference, for which he was not paid; Prelinger Decl. ¶ 19, and took a road trip through the State in 1976.[3]  Prelinger Decl. ¶ 20.

Further, it would be unduly burdensome and inconvenient for each of the Individual Defendants to be forced to travel to Colorado to defend against Ms. Shell's racketeering counterclaims. Burch Decl. ¶ 17, Kahle Decl. ¶ 19, Prelinger Decl. ¶ 21. Travel to Colorado would constitute a significant financial drain for Ms. Burch and Mr. Prelinger, and would require the expenditure of time away from work and other personal commitments, and would be inconvenient and burdensome for all three of the Individual Defendants. *Id*.

## Argument

I. **LEGAL STANDARDS**

A. **Motion to Dismiss for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted without leave to amend if it appears that the plaintiff cannot plead a set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In the context a motion to dismiss, courts must take well-pleaded fact as true, but courts are not bound to accept as true statements that are merely conclusory. *Coburn v. Nordeen*, 2003 WL 21662064, *2 (10th Cir. July 10, 2003). Similarly, "unwarranted inferences

---

[3] These negligible contacts with Colorado, even taken in the aggregate, are fewer than Ms. Shell's own purported contacts with the State of California, which she insisted were too few to support personal jurisdiction there. Rubin Decl. ¶ 8. Accordingly, even by *her own measure* of minimum contacts, personal jurisdiction cannot reasonably be asserted over the Individual Defendants in Colorado.

drawn from the facts or footless conclusions of law predicated upon them" may likewise be disregarded. *Bryson v. City of Edmond,* 905 F.2d 1386, 1390 (10th Cir. 1990).

### B. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) empowers the Court to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. *Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1114 (D. Colo. 1999). When the issue is raised before trial, plaintiff need only make a *prima facie* showing. *Id*. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits; however, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (holding plaintiff failed to establish personal jurisdiction over defendant by failing to set forth any facts in support of conclusory allegations that defendant had conducted business in Colorado).

In assessing personal jurisdiction, courts must first look to the forum state's long arm statute. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). Here, Colorado's long arm statute extends jurisdiction "to the fullest extent permitted by Due Process." *SCC Communications Corporation v. Anderson*, 195 F.Supp.2d 1257, 160 (D. Colo. 2002). A court's jurisdiction may be general or specific. *GCI 1985-1 Ltd. v. Murray Properties Partnership of Dallas*, 770 F.Supp. 585, 587 (D. Colo. 1991). General jurisdiction exists when the defendant's presence in Colorado or accumulated contact with the forum is continuous and systematic. *Rambo v. American Southern Ins. Co.*, 839 F.2d. 1415, 1418 (10th Cir. 1988).

Whether the Court can exercise specific jurisdiction turns on an evaluation of the nature and quality of the defendant's contacts with the forum in relation to the cause of action. *GCI 1985-1 Ltd.* at 587, *citing Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990). Courts must make a particularized inquiry as to the extent to which the defendant

has purposefully availed itself of the benefits of the forum's laws, *Far West Capital,* 46 F.3d at 1079, and the plaintiff's claims must relate to or arise out of the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8, 9 (1984). Finally, the defendant's contacts with the forum must be such that maintenance of the suit does not "offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980), *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## II.   MS. SHELL'S RACKETEERING CLAIMS FAIL AGAINST THE INDIVIDUAL DEFENDANTS BECAUSE SHE HAS NOT ALLEGED AN ENTERPRISE.

This Court has already held that Ms. Shell failed to state a racketeering claim against Internet Archive because Ms. Shell failed to plead the existence of a racketeering enterprise, one of the fundamental elements of a RICO claim. Order at 21. *See* 18 U.S.C. § 1962(c); *see also United States v. Turkette*, 452 U.S. 576, 580 (1981) (explaining that a RICO violation requires proof of conduct by a person of an enterprise through a pattern of racketeering activity). For the same reason, Ms. Shell has also failed to state a racketeering claim against the Individual Defendants, Internet Archive's directors. Specifically, this Court held that "Ms. Shell's allegations that Internet Archive and its Directors constitute an enterprise does not meet the threshold requirements of RICO, and Ms. Shell's RICO claim fails." Order at 20.

As Internet Archive explained in detail in its initial Motion to Dismiss, the "enterprise" element of a RICO claim must be specifically alleged, including: *(i)* that there is "an ongoing organization with a decision-making framework or mechanism for controlling the group," *(ii)* "that various associates function as a continuing unit," and *(iii)* "that the enterprise exists separate and apart from the pattern of racketeering activity." *Kearney v. Dimanna*, 2006 WL 2501414, * 2 (10th Cir. August 30, 2006) (upholding district court's dismissal of RICO claim for failure to allege an enterprise with

any purpose outside of the alleged racketeering activity) (*citing United States v. Smith*, 415 F.3d 1253, 1266-1267 (10th Cir. 2005)).

Ms. Shell alleges the existence of an enterprise "including but not necessarily limited to" Internet Archive and its directors, agents, and employees, Alexa Internet, the Library of Congress, and the Smithsonian Institute. *See* Counterclaim, ¶ 94. This vague assertion falls far short of the specific allegations required by the Tenth Circuit. As this Court explained, Ms. Shell's vague assertion that Internet Archive collaborates with these entities does not allege that "these entities and Internet Archive function with a decision-making framework, have a mechanism for making decisions or function as a continuing unit." Order at 19.

The Court further pointed out that without the participation of other entities, Ms. Shell's allegations amount to little more than a relationship between Internet Archive the defendant and Internet Archive "acting with its directors as an enterprise." Order at 19. The Tenth Circuit, as recognized by this Court, requires that a RICO defendant must be an entity distinct from the alleged enterprise, and liability rests on a showing that the defendant does more than just conduct its own affairs. *Id.* (*citing Brannon v. Boatmen's First Nat. Bank of Oklahoma*, 153 F.3d 1144, 1146 (10th Cir. 1998). Indeed, this Court expressed its concern that "if a corporation and its directors can constitute a RICO enterprise separate from the defendant corporation, then any corporation by definition can satisfy the definition of a RICO enterprise" and held that Ms. Shell had failed to meet the threshold requirements of a RICO claim. Order at 20.

Because Colorado courts interpret Colorado state racketeering claims under the same standards as those used for federal liability under RICO, Ms. Shell's state law claim under the Colorado Organized Crime Control Act fails on this basis as well—against Internet Archive and the Individual Defendants. Order at 20 (*citing Ferris v. Bakery, Confectionary and Tobacco Union*, 867 P.2d 38, 46 (Colo. Ct. App. 1993)).

## II. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS.[4]

Ms. Shell's Counterclaims make no allegations of facts to support the exercise of jurisdiction over the Individual Defendants whatsoever. While that alone is a sufficient basis to dismiss her counterclaims on basis of a lack of personal jurisdiction, the Individual Defendants can show that there is no basis in fact for the Court to find that either general or specific jurisdiction over them exists here.

### A. Ms. Shell Has Not Made a Prima Facie Showing of General Jurisdiction Over the Individual Defendants.

None of the Individual Defendants has had the continuous or systematic contacts with Colorado necessary for the exercise of general jurisdiction by this Court over them. *See Helicopteros,* 466 U.S. at 416 (holding that sending chief executive officer to the forum state for a contract negotiation session, accepting into its New York bank account checks drawn on a forum state bank, purchasing helicopters, equipment, and training services from a business in the forum state for substantial sums, and sending personnel to the forum state for training, did not constitute "continuous and systematic business contacts with the forum State" sufficient to find general jurisdiction). Ms. Shell certainly has not met her burden of alleging facts sufficient to establish general jurisdiction over the Individual Defendants in her Counterclaims.

---

[4] The fact that Internet Archive has stipulated to jurisdiction in Colorado does not make jurisdiction in Colorado proper over the Individual Defendants. Internet Archive and Suzanne Shell expressly preserved any objections to jurisdiction in Colorado when they stipulated to transfer the case to Colorado. Rubin Decl. ¶ 11. Moreover, an employee's or director's contacts with a forum state are not to be judged according to the corporation's activities in the state. *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719 (10th Cir. 1984) ("Jurisdiction over the individual officers of a corporation, however, may not be obtained merely by accomplishing jurisdiction over the corporation."); *Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1114 (D. Colo. 1999) (explaining that employee's contacts with a forum state are not judged according to their employer's activities in that state and *citing Calder v. Jones*, 465 U.S. 783, 790 (1984). Each defendant's contact with the forum state must be assessed individually. *Id.* As such, the Individual Defendants are entitled to an individualized inquiry into their own personal contacts with Colorado notwithstanding Internet Archive's stipulation to jurisdiction in Colorado.

Ms. Burch's single trip to a spa in Aspen, Burch Decl. ¶ 16, Mr. Prelinger's road trip through Colorado in 1976 and attendance at a Colorado conference in 1995, Prelinger Decl. ¶¶ 19 & 20, and Mr. Kahle's occasional telephone calls with a Colorado attorney for personal financial reasons regarding a Colorado Limited Liability Partnership that does no business in the state, Kahle Decl. ¶¶ 10 & 16, are such negligible contacts that they would not subject a single individual to general jurisdiction in Colorado. *See Doe v. National Medical Services,* 748 F.Supp. 793, 796 (D. Colo. 1990) (holding that the court did not have general jurisdiction over a defendant who had not negotiated contracts in Colorado, had not purchased equipment or services in Colorado, had not maintained offices in Colorado and had not solicited business in Colorado). They are far from sufficient when properly allocated across the three Individual Defendants. *See id.* There is nothing systematic about three aggregate stops (two for pleasure), occasional phone calls, and ownership of a Limited Liability Partnership that does not even conduct business in the forum state. *See id.* Further, dropping in on the forum once in twenty years and making the occasional phone call cannot be considered continuous contact. *See AST Sports Science, Inc. v. CLF Distribution Ltd.*, 2006 WL 686483, * 2 (D. Colo. March 16, 2006) (holding that the court could not assert general jurisdiction over defendant and explaining that a "[p]laintiff cannot reach back to events that occurred, at the earliest, in the late 1990s to prove a case of general jurisdiction over defendants today.").

Accordingly, since the Individual Defendants do not have continuous and systematic business contacts with Colorado, the Court cannot properly exercise general jurisdiction over the Individual Defendants.

  **B.** **Ms. Shell Has Not Made a Prima Facie Showing of Specific Jurisdiction Over the Individual Defendants.[5]**

    **1.** **The Individual Defendants did not "purposefully avail" themselves of a Colorado forum.**

To fulfill the Constitutional "minimum contacts" mandate, the quality and nature of the defendant's forum contacts must be such that a defendant "should reasonably expect to be hailed into court there." *World-Wide Volkswagon*, 444 U.S. at 297. As a matter of law, a defendant's forum contacts must include activities by which the defendant "purposefully avails" himself of the forum, "thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Importantly, it is also the plaintiff's burden to show that some act by the defendant is "purposely directed" towards residents of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

As explained above, not one of the Individual Defendants lives, works or owns property in Colorado. Burch Decl. ¶¶ 3 & 15, Kahle Decl. ¶¶ 2 & 17, Prelinger Decl. ¶¶ 13 & 17. None of them pays taxes, maintains a bank account, mailing address or telephone listing in Colorado. Burch Decl. ¶¶ 4, 5, & 6, Kahle Decl. ¶¶ 3, 4, & 5, Prelinger Decl. ¶¶ 4, 5 & 6. Moreover, none of the Individual Defendants makes sales or

---

[5] While not dispositive, the burden on the defendant on of litigating the case in a foreign forum is also a significant concern in determining the reasonableness of personal jurisdiction. *See World-Wide Volkswagen,* 444 U.S. at 292. Even assuming, arguendo, that Ms. Shell could show that the defendants had some minimum contact with the state of Colorado, the burden of litigating this case in Colorado would be a substantial one on Individual Defendants. All three Individual Defendants work and live in California. Burch Decl. ¶ 1, Kahle Decl. ¶ 1, Prelinger Decl. ¶ 1. Richard Prelinger, who works in the business of licensing stock film footage, is required to view, select and edit videotape material on a daily basis in order to fulfill urgent customer orders which are communicated at frequent and unpredictable times and absence from California would cause him substantial loss of income and would be destructive to client and customer relationships. Prelinger Decl. ¶ 21. The other Individual Defendants would likewise be inconvenienced should they be forced to leave their jobs and homes in California to attend court in Colorado. Kahle Decl. ¶ 19, Burch Decl. ¶ 17. Because the burden on the Individual Defendants is high and potentially destructive to their respective businesses, the exercise of personal jurisdiction over them would be unreasonable. *See Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d at 1118.

advertises specifically in Colorado. Burch Decl. ¶¶ 8 & 10, Kahle Decl. ¶¶ 6, 7 & 8, Prelinger Decl. ¶¶ 7, 8 & 9. Aside from a few sporadic contacts over the course of decades, none of the Individual Defendants has ever directed his or her activities towards this forum in any way at all. There is simply no basis upon which Ms. Shell can plausibly claim that any one of them could "reasonably expect to be hailed into court" in Colorado. Ms. Shell has not and cannot show that the Individual Defendants purposefully availed themselves of the Colorado forum. *See AST Sports Science, Inc. v. CLF Distribution Ltd.*, 2006 WL 686483 at * 3 (holding that the court did not have specific jurisdiction over the defendant where the contacts with Colorado were based on the "mere fortuity" that plaintiff was located in Colorado).

### 2. Ms. Shell's Counterclaims do not "arise out of" the Individual Defendants' activities in Colorado.

Ms. Shell's racketeering allegations are in no way related to the Individual Defendants' limited contacts with Colorado. Specific jurisdiction over a nonresident defendant can be invoked only when the claim arises from or relates to that defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414 nn.8, 9. To be held civilly liable under RICO, then, a defendant must be shown to meet the following requirements: *(i)* conduct by a person *(ii)* of an enterprise *(iii)* through a pattern *(iv)* of racketeering activity. 18 U.S.C. § 1962(c); *see also United States v. Turkette*, 452 U.S. at 580. Accordingly, it is Ms. Shell's burden to explain how the Individual Defendants' contacts with Colorado "arise from or relate to" the elements of her racketeering claim. *Helicopteros*, 466 U.S. at 414. Ms. Shell cannot possibly do so.

Indeed Ms. Shell has not, because she cannot, set forth how the Individual Defendants' minimal contacts bear any relation whatsoever to her allegations. Ms. Shell has not, and cannot, show that her racketeering claims arise out of or relate to the Individual Defendants' contacts with Colorado.

## Conclusion

Ms. Shell's Counterclaims for racketeering against the Individual Defendants should be dismissed with prejudice because this Court lacks personal jurisdiction over the Individual Defendants and because Ms. Shell has failed to state a claim against them.

Respectfully submitted,

Date:  March 12, 2007                               /s/

MICHAEL H. RUBIN
PERKINS COIE LLP
4 Embarcadero Center, Suite 2400
San Francisco, California  94111
Telephone:    (415) 344-7000
Facsimile:    (415) 344-7050
Email:        mrubin@perkinscoie.com

Attorneys for Plaintiff and Counterclaim-Defendant
INTERNET ARCHIVE and Individual Counterclaim-Defendants Brewster Kahle, Richard Prelinger and Kathleen Burch