# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 686483 (D.Colo.)
(Cite as: 2006 WL 686483 (D.Colo.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
AST SPORTS SCIENCE, INC., Plaintiff,
v.
CLF DISTRIBUTION LIMITED, a British corporation, Defendants.
No. 05-CV-01549-REBCBS.

March 16, 2006.

Aaron A. Garber, David Michael Miller, Kutner Miller, PC, Denver, CO, for Plaintiff.

Kent Edward Eichstadt, Sean Michael McCurdy, McCurdy & Eichstadt, PC, Denver, CO, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BLACKBURN, J.

*1 The matter before me is defendants' Motion to Dismiss [# 7], filed October 18, 2005. Because I find that defendants lack sufficient contacts with Colorado to justify the assumption of personal jurisdiction over them in this forum, I grant the motion. [FN1]

> FN1. I therefore do not address defendants' alternative arguments regarding whether Holiday is a proper party defendant to this action and whether plaintiff has failed to plead fraud with the particularity required by Fed.R.Civ.P. 9(b).

I. JURISDICTION
I have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

II. STANDARD OF REVIEW
Defendants move to dismiss on the ground that they do not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over them in this forum. The assumption of personal jurisdiction over a non-resident defendant in a diversity case involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. See Wenz v. Memery Crystal, 55 F.3d 1503, 1056-07 (10th Cir.1995); Dart International, Inc. v. Interactive Target Systems, Inc., 877 F.Supp. 541, 543 (D.Colo.1995). Second, the exercise of jurisdiction must comport with due process. Wenz, 55 F.3d at 1507; Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc., 810 F.Supp. 285, 287 (D.Colo.1992). Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, Keefe v. Kirschenbaum & Kirschenbaum, P.C., 40 P.3d 1267, 1270 (Colo.2002), the analysis collapses into a single inquiry regarding whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Kuenzle v. HTM Sport-Und Freizeitgeräte AG, 102 F.3d 453, 455 (10th Cir.1996). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. Hellcopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir.1996). Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); Kuenzle, 102 F.3d at 455. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation. Helicopteros Nacionales de Columbia, 104 S.Ct. at 1872; Trierweiler, 90 F.3d at 1533.

I have discretion to resolve the motion on affidavits and other written material. Behagen v. Amateur Basketball Association, 744 F.2d 731, 733 (10th Cir.1984), cert. denied, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Plaintiff has the burden to establish a *prima facie* case of personal

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 686483 (D.Colo.)
(Cite as: 2006 WL 686483 (D.Colo.))

Page 2

jurisdiction. *Id.* I must accept the well-pleaded allegations of the complaint as true. *Wenz, 55 F.3d at 1505; Behagen, 744 F.2d at 733.* However, "plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytllk v. Professional Resources, Ltd., 887 F.2d 1371, 1376 (10th Cir.1989).*

### III. ANALYSIS

*2 Both plaintiff and defendant are in the business of selling health, nutritional, and vitamin products and supplements. Plaintiff is a Colorado corporation with its principal place of business in Golden, Colorado. Defendant CLF Distribution Limited ("CLF") is a corporation established under the laws of Great Britain, with its principal place of business in Wiltshire, Great Britain. Defendant Robin Holiday ("Holiday"), the president of CLF, is a citizen of Great Britain. Defendants have purchased various products over the years from plaintiff, which plaintiff has shipped to defendants in the United Kingdom. Plaintiff claims that defendants have failed to pay for products they received from plaintiff in 2002, 2004, and 2005, amounting to $194,259.27 plus interest. It has sued defendants for breach of book account/contract, breach of implied contract, quantum meruit/unjust enrichment, and fraud in the inducement.

Defendants move to dismiss for lack of personal jurisdiction over them in this forum. Plaintiff's response attempts to make a case for personal jurisdiction under both the general and specific jurisdiction prongs of the due process analysis. Its evidence in support of its argument for general jurisdiction is patently inadequate. Putting aside the fact that the complaint contains no allegations from which it might be inferred that defendants have the type of "continuous and systematic" contacts with Colorado necessary to support general jurisdiction in this forum, the contacts on which plaintiff relies are clearly stale, occurring long before the transactions giving rise to this lawsuit were consummated. Although the court must account for defendants' contacts over a reasonable period of time, *see Haas v. A.M. King Industries, Inc., 28 F.Supp.2d 644, 648 (D.Utah 1998),* I do not consider a time period so wholly attenuated to the events of this lawsuit to be a reasonable benchmark. The pertinent time frame is keyed to the date the complaint is filed. *See Cameron v. Group Voyagers, Inc., 308 F.Supp.2d 1232, 1240 (D.Colo.2004)* (citing *United Phosphorus, Ltd. v. Angus Chemical Co., 43 F.Supp.2d 904, 910 (N.D.Ill.1999)); Haas, 28 F.Supp.2d at 648-49.* Plaintiff cannot reach back to events that occurred, at the earliest, in the late 1990s to prove a case of general jurisdiction over defendants today. There being no evidence that defendants continue to have regular, ongoing contacts with the state of Colorado apart from the purchases giving rise to this lawsuit, plaintiff has failed to make a case for general jurisdiction over them.

A federal court may assume specific jurisdiction over a non-resident defendant where the defendant " 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ' *Benally v. Amon Carter Museum of Western Art, 858 F.2d 618, 625 (10th Cir.1988)* (quoting *Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)).* The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (quoting *Burger King Corp., 105 S.Ct. at 2183* (internal citations and quotation marks omitted)). The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).* Jurisdiction must be assessed with respect to contract and tort claims separately. *See Remick v. Manfredy, 238 F.3d 248, 255-56 (3rd Cir.2001).*

*3 "In a contract case, relevant factors for assessing minimum contacts include 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." ' *Benton v. Cameco Corp., 375 F.3d 1070, 1077 (10th Cir.2004)* (quoting *Burger King, 105 S.Ct. at 2185),* cert. denied, --- U.S. ----, 125 S.Ct. 1826, 161 L.Ed.2d 723 (2005). There appears to have been no overarching contract governing the parties' business relationship. [FN2] Nevertheless, to the extent the individual purchase orders may be construed as contracts, it is clear that a party does not subject itself to personal jurisdiction by the mere fact of contracting with a Colorado resident. *See SGI Air Holdings II LLC v. Novartis International, 192 F.Supp.2d 1195, 1202 (D.Colo.2002).* Because plaintiff has presented no evidence of the content of the purchase orders, other than its allegation that they were payable "net 60 days," I must conclude that the purchase orders did nothing more than require defendants to pay for the products once they were

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 686483 (D.Colo.)  
(Cite as: 2006 WL 686483 (D.Colo.))

Page 3

received. There is thus no evidence that the orders created an ongoing obligation or other "future consequences" such as might support a finding of minimum contacts. See E.R. Callender Printing Co. v. District Court in and for Second Judicial District, 182 Colo. 25, 510 P.2d 889, 890 (Colo.1973) (mere signing of purchase order to buy goods from Colorado merchant insufficient to create personal jurisdiction).

> FN2. Plaintiff cites to a 1999 distribution agreement between the parties that was to be governed by Colorado law, but there is no evidence that such an agreement was ever signed by either party. (See Def. Reply App., Exh. 2.)

With respect to the parties course of dealing, plaintiff relies heavily on the fact that defendants ordered a sizeable amount of product from plaintiff on a regular, monthly basis from 1998 through 2005. However, the quantity and regularity of these sales is insufficient to demonstrate that defendants purposefully availed themselves of the privileges of transacting business in Colorado. It is the quality, rather than the quantity, of the contacts that controls the personal jurisdiction analysis. See Continental American Corp. v. Camera Controls Corp., 692 F.2d 1309, 1314 (10th Cir.1982) ("It is fundamental that the mere quantum of contacts between the forum and the defendant is not determinative."). To the extent these sales were "negotiated," they were carried out via e-mail or facsimile between the parties, but those types of communications likewise are insufficient to confer jurisdiction over defendants. See Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1077 (10th Cir.1995); SGI Air Holdings, 192 F.Supp.2d at 1203; see also E.R. Callender Printing Co., 510 P.2d at 890. Under the circumstances, it seems defendants contractual contacts with Colorado are based on the mere fortuity that plaintiff has its offices here. That fact alone does not give this court personal jurisdiction over these non-resident defendants.

As regards plaintiff's fraud claim, only conduct that "proximately" results in injury in Colorado is sufficient to create personal jurisdiction in this state. Wenz, 55 F.3d at 1508; see also Keefe, 40 P.3d at 1270 ("[F]oreseeability in this context, however, is not merely the foreseeability of causing injury in another state. The foreseeability that is critical to the due process analysis necessarily requires that the defendant's 'conduct and connection' with the forum state be such that he should reasonably anticipate being haled into court there.") (internal citations omitted). More importantly, under Colorado law, "the place of the injury is the place where the tort is committed under the long-arm statute." McAvoy v. District Court in and for the City and County of Denver, 757 P.2d 633, 635 (Colo.1988). Given plaintiff's apparent theory of fraud--that defendants falsely represented they would pay the invoices--the tort was committed in Great Britain, where defendants received but refused to pay for the products. The mere fact that plaintiff suffered economic consequences in Colorado is insufficient to establish personal jurisdiction over defendants. Wenz, 55 F.3d at 1508.

IV. CONCLUSION  
*4 For these reasons, I find that these defendants do not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over them in this forum. [FN3] Accordingly, defendants' motion to dismiss should be granted.

> FN3. Because I find that plaintiff has not established that defendants had minimum contacts with this forum, I need not consider whether the exercise of personal jurisdiction over defendants would "offend traditional notions of fair play and substantial justice." See Asahi Metal Industry Co. v. Superior Court of California, Solano County, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); Benally, 858 F.2d at 626.

THEREFORE, IT IS ORDERED as follows:

1. That defendants' Motion to Dismiss [# 7], filed October 18, 2005, is GRANTED; and

2. That this case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over defendants in this forum.

Not Reported in F.Supp.2d, 2006 WL 686483 (D.Colo.)

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 822674 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiff's Corrected Response to Motion to Dismiss (Feb. 27, 2006)Original Image of this Document (PDF)

• 2005 WL 3274196 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss (Oct. 18, 2005)Original Image of this Document (PDF)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 686483 (D.Colo.)  
**(Cite as: 2006 WL 686483 (D.Colo.))**

Page 4

- 1:05cv01549 (Docket) (Aug. 12, 2005)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.